## ZOLLER *et al.* *v.* McDONALD.

THE order of a County Court dismissing an appeal from a Justice's Court in an action of forcible entry and detainer is a final judgment, from which an appeal may be taken to the Supreme Court.

An undertaking on appeal to the Supreme Court, conditioned "that appellant will pay all costs and damages which may be awarded against him on the appeal, and also all the rents and profits of the premises in controversy during the pendency of the appeal, not exceeding six hundred dollars," is sufficient to sustain an appeal.

An undertaking on appeal filed under the three hundred and forty-eighth section of the Practice Act is not invalidated because the sum mentioned exceeds three hundred dollars.

A notice of appeal from a judgment rendered in a Justice's Court to the County Court, in an action of forcible entry and detainer, is not invalidated because it contains a clause that the "appeal is taken on questions of law alone."

APPEAL from the County Court of the County of San Francisco.

The facts are stated in the opinion of the Court.

*Alfred Rix*, for Appellant.

*W. H. Tompkins*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action of unlawful detainer, tried in a Justice's Court, where the plaintiffs recovered judgment, from which the defendant appealed to the County Court, where, on motion of the plaintiffs, the appeal was dismissed, and the defendant appeals to this Court.

The plaintiffs move to dismiss the appeal to this Court on the ground that we have no jurisdiction; that the undertaking is insufficient, and that it is an appeal from an order and not a judgment. The order of the County Court dismissing the appeal is the final decision and determination of that Court upon the case before it, which puts an end to the suit; and is, therefore, to all intents and purposes, a judgment, subject to the revision of this Court. It matters not in what form the determination of the suit is put, so that it embodies the final action of the Court, it is sufficient. (*Belt v. Davis*, 1 Cal. 135.) The undertaking on appeal is conditioned

Zoller *v.* McDonald.

that the appellant will pay all damages and costs which may be awarded against him on the appeal, as also all the rents and profits of the premises in controversy during the pendency of the appeal, not exceeding six hundred dollars. It is urged that the undertaking was filed for the sole purpose of staying proceedings, as required by Sec. 352 of the Practice Act, and is not the one required by Sec. 348. Whether it is sufficient as an undertaking to stay execution, under Sec. 352, is a question not necessary for us to determine; for it is sufficient to sustain the appeal, if it contains the substantial requirements of Sec. 348, which we think it clearly does. That the amount exceeds three hundred dollars is no valid objection to it, so long as it contains the conditions required by Sec. 348. The undertaking required by these sections may be embodied in one instrument by Sec. 354. The action is to recover the possession of lands or tenements, and we think comes within the terms used in the sixth section of the act regulating the jurisdiction of this Court. (Wood's Dig. 148.) The motion to dismiss the appeal is therefore overruled.

The notice of appeal from the Justice's Court to the County Court was full and sufficient; but it contained this clause at the end: " This appeal is taken on questions of law alone." The plaintiffs moved in the County Court to dismiss the appeal because the same was taken on questions of law alone, instead of law and fact; and the Court sustained the motion. The seventeenth section of the act respecting forcible entries and unlawful detainers, as amended in 1852, provides that the Appellate Court shall try the case anew on the evidence introduced before it; and this section controls appeals in this particular form of action. Such an appeal, therefore, cannot be tried on a statement of the case, or evidence or exceptions taken before a Justice of the Peace. This section regulates the mode of trial in the County Court. The fact that the defendant inserted in his notice that the appeal was taken on questions of law alone cannot affect or vary the mode of trial presented by the statute, nor did it vitiate the notice. His notice was good and sufficient without that clause, and it may well be treated as surplusage. Sec. 19 of the act especially provides that the Appellate Court shall not dismiss the proceedings for want of form, and

the objection in this case goes to the form of the notice only. Parties should not be held to any great strictness in proceedings before Justices of the Peace. The notice was sufficient to advise the plaintiffs that the defendant appealed from the judgment of the Justice; and then the statute, and not the notice, regulated the mode in which that appeal should be tried.

The judgment of the County Court dismissing the appeal is reversed, and the cause remanded.