DAVID W. HURLBURT

*vs.*

FREDERICK SCHULENBURG, *et al.*

The frivolousness of a demurrer must be determined upon the demurrer and the pleading to which it is interposed.

If, from mere inspection of them, it can be determined that the pleading demurred to is good, the demurrer will be regarded as frivolous, and be stricken out for that reason.

Appeal by defendants from an order of the district court for Washington county, striking out as frivolous a demurrer to the complaint. The substance of the pleadings appears in the opinion.

WM. M. McCLUER, for Appellants.

CASTLE & MARSH, for Respondent.

*By the Court.*—McMILLAN, J.—The complaint, after averring the partnership of the defendants, alleges that during all the time mentioned in the complaint the plaintiff was, and now is, the owner of certain real estate therein described; "that during the winter of 1868–9, without the consent of the plaintiff or of any person authorized to give such consent, Joseph Mitchell and Charles Mitchell, partners as Mitchell Brothers, unlawfully and wrongfully entered upon said lands, and cut therefrom certain pine trees, then and there standing, growing and being

thereon, and converted them into logs, and removed them therefrom; that said logs contained eighty thousand feet of lumber, board measure; that afterwards, and on or before the first day of July, 1870, said Mitchell Brothers drove said logs  *  *  * into the boom of the St. Croix Boom Corporation,  *  *  and then and there delivered said logs and all of them to Schulenberg, Boeckeler & Co., the defendants;" alleges a demand on the 19th of July, 1870, by plaintiff upon defendants, and their refusal to deliver the logs or any part thereof.   It also alleges an actual conversion of the property to their own use by defendants, and avers that the logs, at the time they were cut and removed from the land, as aforesaid, were and now are of the just value of ten dollars per thousand feet, and demands judgment for $800, with interest from the 19th of July, 1870.

The defendants demurred upon two grounds:

"*First*—It appears from said complaint that there is a defect of parties defendants, Joseph Mitchell and Charles Mitchell being necessary parties to the full determination of said cause of action.

"*Second*—Said complaint does not state facts sufficient to constitute a cause of action against these defendants."

The plaintiff moved to strike out the demurrer as frivolous, which motion the court granted, whereupon the defendants appealed from the order striking out the demurrer.   The frivolousness of a demurrer must be determined upon the demurrer and the pleading to which it is interposed; if, from mere inspection of these, it can be determined that the pleading demurred to is good, the demurrer will be regarded as frivolous and be stricken out for that reason.

The cause of action alleged is in tort, and the trespassers are liable severally or jointly; all or any number of them may be joined in an action: the Mitchells were not, therefore, necessary parties to the action.

The facts stated in the complaint are clearly sufficient to con stitute a cause of action against the defendants.

The order appealed from is affirmed.