GEORGE ROSS and another *vs.* HENRY EVANS.

February 8, 1883.

**Appeal from Justice of Peace.**—Where neither the amount of the judgment nor the claim in the plaintiff's complaint is sufficient to allow an appeal from a judgment of a justice of the peace, such appeal is not saved to the aggrieved party by the fact that the answer contains a counterclaim for more than $30. The words "amount claimed in the complaint," in the statute, are not equivalent to "the amount claimed in the pleadings of either party."

**Same—Appeal from Order of Dismissal.**—An order of the district court, dismissing such appeal for want of jurisdiction apparent on the face of the record, is a final order, putting an end to all proceedings upon the appeal, and is appealable under Gen. St. 1878, c. 86, § 8, subd. 5.

Appeal by plaintiffs from an order of the district court for Redwood county, *Baldwin, J.*, presiding, dismissing their appeal from a judgment of a justice court, for $15 and costs, in favor of defendant.

*D. M. Thorp*, for appellants.

*M. M. Madigan*, for respondent.

VANDERBURGH, J. The amount claimed in the complaint before the justice was $4.40 only. The defendant's answer sets up a counterclaim for $99, and he recovered a verdict for $15 against plaintiff. Plaintiff appealed to the district court upon questions of both law and fact, which appeal was dismissed for want of jurisdiction. The court had previously denied plaintiff's motion to strike the case from the calendar, made upon the ground that the appeal was taken within 30 days before the term.

1. It is urged here by the respondent that the order dismissing the appeal is not appealable, but simply an order upon which judgment of dismissal might properly be entered. We are of opinion, however, that the entry of this order was all that was necessary for the final disposition of the case. No costs were allowed or were taxable, and no further action of the court was required. From the nature of the case, if the court had not acquired any jurisdiction to take cognizance of the action, the order was necessarily a final one, which prevented further proceedings in the district court. It is properly appealable under Gen. St. 1878, c. 86, § 8, subd. 5. The appeals in *McFarland* v. *Butler*, 11 Minn. 42, (72;) *Capehart* v. *Logan*, 20 Minn. 395, (442;) *Pettingill* v. *Donnelly*, 27 Minn. 332; and in *Rahilly* v. *Lane*, 15 Minn. 360, (447;) were from similar orders. And see *McGinty* v. *Warner*, 17 Minn. 23, (41;) *Pratt* v. *Brown*, 4 Wis. 188.

2. The appeal seems to have been rightly dismissed. The statute is quite explicit in its provisions in reference to appeals from justices' courts. Its plain reading leaves little room to supply anything by construction. The amount claimed in the complaint does not exceed $30. The judgment does not exceed $15, exclusive of costs. *Dodd* v. *Cady*, 1 Minn. 223, (289.) And it is quite immaterial to inquire what the jury may have allowed the plaintiff on his claim in partial extinguishment of defendant's counterclaim, in adjusting the amount of the verdict. The clause in the section of the statute under consideration, (Gen. St. 1878, c. 65, § 113,) allowing an appeal "when the amount claimed in the complaint exceeds $30," was not in the section as it stood in Rev. St. 1851, (p. 315, § 123,) which contained a proviso allowing an appeal also "when the claims of either party, as

proved in the cause on the trial, shall exceed $100, or the claims of both parties, as proved on the trial, shall exceed $200," though the recovery before the justice be less than $15. Subsequently the clause in question was added by amendment, (Pub. St. 1858, c. 59, § 136.) As the statute then stood, claims proved by either party to a certain amount gave a right of appeal. By the amendment referred to, the legislature extended the right of appeal to another class of cases, available for either party. If it had intended by such amendment to further extend the right of appeal to cases in which the defendant's pleadings set up a claim for a similar amount, it would naturally have used words of that import, in harmony with the proviso as to claims proved by either party. By subsequent amendment the section was reduced to its present form. Appeals are statutory, and are allowed or withheld in any class of cases, as the legislature may provide. *Tierney* v. *Dodge*, 9 Minn. 153, (166.) Such statutes are to be fairly and liberally construed. *Shunk* v. *Hellmiller*, 11 Minn. 104, (164.) But the term "complaint" has a fixed and well-known meaning, and the language "the amount claimed in the complaint," in the statute under consideration, can hardly be construed to be equivalent to the words "the amount for which judgment was demanded by either party in his pleadings," used in section 352, N. Y. Code, which, it may be admitted, apparently provides a more wise and just rule. The court not having jurisdiction, it could only refuse to proceed, and it properly dismissed the case from its consideration.

Any prior ruling in reference to the right to place the same upon the calendar is immaterial to be considered.

Order affirmed.