WILLIAM N. PLYMAT *vs.* STEPHEN R. BRUSH and Wife.

April 3, 1891.

**Action Brought by Wife—Liability of Husband for Attorney's Fees.**
An attorney is not entitled to recover of the husband for legal services rendered to his wife in a groundless action brought by her, without his consent, to recover possession of premises in the peaceable possession of his tenant, claimed by her to have been the family homestead.

**Appeal from Justice—Conclusiveness of Return—Remedy for Omissions.**—The return of a justice of the peace cannot be disputed or supplemented by affidavits. Where only a part of the evidence is reduced to writing by the justice, and, in addition to that, he certifies that his return contains all the evidence given on the trial according to his best recollection, it will be construed as containing substantially all the evidence in the case. If, in such case, either party claims that any evidence is omitted, a further return should be applied for.

Appeal by plaintiff from a judgment of the district court for Blue Earth county, *Severance, J.*, presiding, reversing a judgment of a justice of the peace.

*Wm. N. Plymat*, appellant, *pro se.*

*Benj. G. Reynolds* and *Lorin Cray*, for respondents.

VANDERBURGH, J. The plaintiff sues defendants Brush, husband and wife, for attorney's services, alleged to have been rendered at their request, of the alleged value of $14. The defendant Stephen R. Brush answered separately, denying each allegation of the complaint.

1. From an inspection of the return it appears that the evidence in support of the complaint is that of plaintiff, showing that he was employed by the wife to bring an action to recover their homestead. The action was brought in the name of the wife, without the consent of the husband, against the tenant of the husband then in possession. Plaintiff's case rests wholly on his own testimony, which is largely hearsay. There is no competent evidence showing any propriety or necessity for bringing that action. On the contrary, the evidence offered by defendant Stephen R. Brush in this action tends to show

that she had voluntarily left and abandoned the premises against her husband's consent and remonstrance, and that he thereupon rented the same to the tenant against whom she brought her action, which action was dismissed.

2. It is, however, contended by the appellant that the return of the justice does not show that all the evidence was returned, and it must be assumed that there was evidence offered sufficient to support the judgment of the justice in this case. The proceedings on the trial before the justice must appear from the return itself, and the return cannot be aided by affidavits of the parties. The district court held that the return shows on its face substantially that all the material evidence was returned. Only a part of it was reduced to writing by the justice on the trial. In his return he states that counsel did not require all the evidence to be taken in writing, and in the return as amended it appears that he returned all the evidence which he took in writing, and that it contains all the evidence given on the trial, as near as he was able to remember. This is *prima facie* sufficient. It is, indeed, all the justice could do. If either party claimed that any particular item of evidence was omitted, he should specify it in his affidavit, and ask a further return, requiring the justice to answer specifically in respect thereto; otherwise a return such as was finally made by the justice here must be accepted as substantially complete.

Judgment affirmed.