### MOUSER *et al.* v. PALMER.

1. A decision of the circuit court dismissing an appeal from a justice court because the judgment was not appealable, and awarding costs against appellant, is, so far as that case is concerned, a final determination of the rights of the parties, and an appeal therefrom to the supreme court may be taken after the expiration of the 60 days within which appeals from orders are to be taken.

2. In appeals from justice court judgments the appellate court must learn the *status* of the case from the transcript and papers transmitted by the justice. If such transcript is imperfect or insufficient, a further return may be required by the appellate court, but affidavits of parties cannot be used to supply what should but does not appear in the justice's transcript.

3. If the justice has failed to make the entries in his docket which by law he is required to make, it seems the appellate court may, in a proper application, direct the docket to be amended, but the certified copy of the docket cannot be attacked collaterally, and its correctness determined upon *ex parte* affidavits.

4. The justice's transcript in this case examined, and *held* not to show a judgment by default, and that to dismiss the appeal on that ground was error.

(Syllabus by the Court. Opinion filed January 21, 1892.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action in justice court on promissory note. Judgment for plaintiff. Defendant appealed to the circuit court where the appeal was dismissed. Defendant appeals from order dismissing appeal. Reversed.

The facts are fully stated in the opinion.

*Davis & Null* for appellant.

If an order dismissing a case does not disclose the reason for the dismissal, it will be presumed that it was upon one or more of the grounds stated in the motion. Kirkpatrick v. Railroad, 33 N. W. 103. Evidence *dehors* the record should not be considered in determining whether an answer was filed. Bonds v. Hickman, 29 Cal. 464; Carey v. Brown, 58 Cal. 185; Boston v. Haynes, 31 Cal. 107. It was not necessary for defendant to answer if he appeared at the trial. Howard v. Jay, 41 N. W. 148; Somborgen v. Huffman, 43 N. W. 242; Andrew v. Muller, 14 Neb. 248; Olim v. Railroad, 61 Ia. 250; Baier v. Humpall, 16 Neb. 444. It must appear that default was claimed and judgment entered as by default in order for the appeal to be dismissed. Innes v. Purcell, 58 N. Y. 388; Flake v. Wagemen, 54 N. Y. 35. If the matter was adjudicated by trial, the defendant can appeal, though the case went by default. Seneca Nation v. Knight, 19 N. Y. 587. The notice of appeal states that the appeal was taken upon questions of both law and fact. The court should therefore have tried the case anew. Bonesteel v. Gardner, 46 N. W. 590; Myers v. Mitchell, 1 S. D. 249, Keehl v. Schaller, 1 S. D. 290.

*Mouser & Vollrath* for respondents.

Oral pleadings in justice court must be made in the docket. §§ 6058, 6059, 6066, Comp Laws. Judgments will be reversed only for error that is prejudicial. § 4941 Comp. Laws; Railroad v. Railroad, 6 N. W. 461; Lee v. Breezley, 7 N. W. 117.

KELLAM, P. J. Preliminary to the hearing on the merits, a motion was made and argued to dismiss this appeal because the same was not taken within the time prescribed by statute, and because no judgment in the circuit court had been perfected. As will more fully appear hereinafter, this appeal was from the action of the district (now circuit) court in dismissing

defendant's appeal to that court from a judgment rendered against him in justice court. The respondents contend that such appeal was dismissed by an order, a copy of which was served on defendant, (appellant,) and that, more than 60 days thereafter having elapsed before the attempted appeal,—a fact shown by the abstract,—the right to appeal was lost; Section 5216, Comp. Laws, providing that "the appeal to the supreme court must be taken within sixty days after notice of the order shall have been given to the party appealing." The question raised by the motion plainly is, is this an appeal from an order, to be taken within 60 days, or from a judgment, which may be taken within 2 years? Section 5216 *supra*. By Section 5323, Comp. Laws, an order is defined to be a "direction of a court or judge made or entered in writing, and not included in a judgment;" and a judgment is by Section 5024 defined to be "a final determination of the rights of the parties in an action." When the circuit court dismissed the defendant's appeal it was nothing short, so far as that court was concerned, of a final determination of the rights of the parties in that action. It was final; for neither party could go any further in that court and it was a determination of their rights, because a dismissal of the appeal was a judicial decision that in respect to that appeal their rights must remain as the justice court had fixed them. This same question was involved and decided in Zoller v. McDonald, 23 Cal. 136. That case was originally commenced in justice court. From a judgment for plaintiff therein defendant appealed to the county court. On motion of plaintiff such appeal was dismissed, and the defendant appealed to the supreme court. The plaintiff moved to dismiss this appeal for the reason, *inter alia*, that the appeal was from an order, and not a judgment. The supreme court said: "The order of the county court dismissing the appeal is the final decision and determination of that court upon the case before it, which puts an end to the suit; and is therefore, to all intents and purposes, a judgment subject to the revision of this court. It matters not in what form the determination of the suit is put, so that it embodies the final action of the court, it is sufficient." See, also,

Bowie v. Kansas City, 51 Mo. 459; Black Judgm. § 27. But while the decision of the court in this case is in both abstract and arguments of counsel, called an "order," it is both in form and substance a judgment. Omitting the formal introductory part, it says: "And the court, having heard all the evidence offered, and the arguments of counsel for and against said motion, and being fully advised in the premises, doth order and adjudge that the defendant's appeal to this court  *  *  *  be and the same is hereby, dismissed; that plaintiff recover the costs herein against said defendant, William Palmer." We think this decision of the court was a judgment, and that the appeal was taken in time.

The second ground upon which dismissal was asked was that no judgment in the circuit court had been perfected, the precise ground being that costs had not been taxed and inserted in the judgment. This question was examined in Williams v. Wait, (S. D.) 49 N. W. Rep. 209, where we declined to dismiss an appeal on that ground. The motion to dismiss the appeal is overruled, and we will now consider the case on its merits.

This action, as has been already intimated, was commenced in justice court. Plaintiff had judgment, and defendant appealed to the district court. Upon such appeal the transcript of his docket transmitted by the justice was as follows: "Action for money on promissory note. Labor judgment. The above entitled cause came before me on change of venue.  *  *  *  *  The same was set for trial before me Oct. 10, 1888, at one o'clock P. M. Notice was waived, by mutual consent, of time and place.  *  *  *  Plaintiff appeared by H. S. Mouser, and defendant by himself and F. E. Grant. Charles Hitchcock sworn. H. S. Mouser sworn. Court rendered judgment in favor of the plaintiff for the wages of a laborer. The court further finds and renders judgment in favor of the plaintiff as for the wages of labor for the sum of one hundred dollars, and costs of this action taxed," etc. Defendant's notice of appeal states that the "defendant appeals  *  *  *  from that part of the judgment  *  *  *  which makes said judgment one for the

wages of labor, and that the said appeal is taken upon questions of law and fact, and a new trial in the district court is demanded." The appeal was taken in November, 1888. At the February, 1889, term of the district court, the cause was assigned for trial by jury, but was not reached. In March, 1890, the plaintiffs moved to dismiss defendant's appeal, and for affirmance of the judgment appealed from, for the reasons:   (1) That no answer or demurrer was ever interposed in this action, either oral or written, and that no appeal will lie in this case because of such failure.   (2) That at best defendant's appeal is on question of law alone, and no statement of case was ever settled, as required by law; and therefore no review upon either question of law or fact can be had in the circuit court. (3) That the circuit court can only affirm the judgment of said justice court because of the failure of said defendant to bring his appeal properly to the appellate court. (4) That said defendant's proceeding in said attempted appeal are in other respects informal, defective. and insufficient.   Upon the hearing of this motion affidavits were read by both parties; on the one side asserting, and on the other side denying, that defendant made any answer, either oral or written, before the trial justice.   While no objection appears to have been made to such use of these affidavits, we cannot assent to or recognize this method of establishing a record in the appellate court. Section 6132, Comp. Laws, requires the justice, in case of appeal, to transmit a certified copy of his docket to the appellate court. If this transcript were imperfect or insufficient, he should have been called upon for a further return.   It could not be pieced out or amended by affidavits.

The *status* of a case in the appellate court must be determined upon and by the official and certified record of the trial court, and not upon the understanding of parties other than the court as to matters which should, but do not, appear by the official transcript.   The proceedings in the trial court should be shown by such transcript, and it cannot be aided by the affidavits of parties.   Plymat v. Brush, (Minn.) 48 N. W. Rep. 443; Bonds v. Hickman, 29 Cal. 461.   If the justice has failed

to make the entries in his docket which by law he is required to make, we presume the appellate court might, upon proper application, in which the justice himself should be heard, and upon satisfactry proof of the facts, direct the docket to be amended.    Norton v. Porter, 63 Mo. 345.    Certainly the rights of the parties ought not to be sacrificed by his negligence, but we think it would be too dangerous to be tolerated to allow the transcribed docket to be attacked collaterally, and its correctness tested by and determined upon *ex parte* affidavits.    No diminution of the record having been suggested by either party, the character of the judgment appealed from, whether it followed a default or a trial must be determined from the transcript transmitted by the justice.    While the return is very meager, we think it must be held to show a trial, rather than a default of defendant.    As shown by the docket, the case "was set for trial" October 10th, at 1 o'clock P. M., and at that time the case was called, and both parties appeared.    Both had already participated in the proceedings preliminary to this hearing.    The return makes no reference to an answer by defendant, but it is equally silent as to any complaint by the plaintiff.    If it had appeared therefrom that the plaintiff made or filed a complaint, and it had then not appeared that defendant answered, there would be better reason for holding that the omission to refer to an answer was evidence that there was none; but, if the return shows that there was no answer, it also shows there was no complaint.    It does appear at the head of the docket transcript that the action was for money on a promissory note, but this fact the justice would have gotten from the summons without any aid from a complaint.    Two witnesses were examined, and it is claimed in respondent's argument that both were for plaintiffs, but the abstract does not show whose witness either was.    This, however, is not important, for, if defendant answered, it was not necessary that he should introduce evidence to save him from being in default.    His answer would do that.    Harris v. Watkins, (Dak.) 40 N. W. Rep. 536.    The fact that defendant appeared at the time and place "set for trial," accompanied by his attorney, tends

strongly to support the theory of an issue and a contest. The presence of defendant's attorney is much more suggestive of a defense than a default. Without intending to touch the question of the appealability of default judgments in this state, we are of the opinion that the justice's transcript in this case does not show that the judgment appealed from was rendered upon defendant's default, and that the motion to dismiss the appeal ought not to have prevailed on that ground.

The second ground was that the appeal was on a question of law alone, and that appellant had prepared and settled no statement as required by law, but the record does not show that the appeal was on a question of law alone. It was ''from that part of the judgment * * * which makes said judgment one for wages of labor, and the said appeal is taken upon questions of law and fact, and a new trial in the district court is hereby demanded." Upon that part of the judgment appealed from appellant was entitled, under his notice, to a new trial,—a re-examination of both facts and law,—and no statement was necessary. Sections 6129, 6131, Comp. Laws.

The other grounds suggested in the motion to dismiss are not argued by either side, and we are not informed as to what informalities or irregularities are complained of. We think the court below erred in dismissing the appeal upon the record before it. Its judgment is reversed, and the cause remanded. All the judges concurring.