(59 N. W. Rep. 477.)

## *In re* WEBER.

Opinion filed June 23, 1894.

**Final Judgment—Entry in Judgment Book.**

> Under the statutes of this state regulating the entry of judgments in District Courts, a final judgment does not become such, and has no force or effect, until entered by the clerk in the judgment book.

**Order Dismissing Action—Not a Judgment.**

> An order of the District Court dismissing an action for jurisdictional reasons, as well as in other cases, will authorize the clerk of the District Court to enter judgment, but such an order does not itself constitute a judgment, nor is it a final determination of any question. An order of dismissal, whether entered in the minutes of the court or recorded in a book labeled "Order Book" or written out, signed by the judge, and filed, is still an order, and does not constitute a final determination or final judgment.

**Order Dismissing Appeal from Justice Court—Not Appealable.**

> No appeal will lie from an order of the District Court dismissing an action originating in that court or an appeal from a Justice Court for jurisdictional reasons. Such an order is not appealable under the first subdivision of § 24, Ch.

120, Laws 1891. The order is authority for the entry of a judgment; hence it does not "prevent the entry of a judgment from which an appeal might be taken."

### Action Pending.

Until judgment is entered upon the order, the action is not determined, but is pending in the District Court.

### Judgment for Costs—Reviewed Upon Appeal.

Where an action, originating in the District Court or brought there by appeal, is dismissed for want of jurisdiction in the District Court to determine the same, § 5194, Comp. Laws, expressly authorizes a judgment to be entered for costs. The section reads: "When an action is dismissed from any court for want of jurisdiction, or because it has not been regularly transferred from an inferior to a superior court the costs must be adjudged against the party attempting to institute or bring up the action." The right to enter judgment for costs under this section depends upon the validity of the dismissal, and this court on appeal from such a judgment will review the dismissal upon the merits, as well as any question touching costs which properly arises upon the judgment record.

BARTHOLOMEW, C. J., dissenting.

Appeal from District Court, Richland County; *Lauder*, J.

Application of Gertrude Weber for a writ of certiorari to C. L. Mayer, justice of the peace in the City of Wahpeton. From the judgment on the return, the Traveler's Insurance Company appeals.

Affirmed.

*McCumber & Bogart*, for appellant.
*W. E. Purcell* and *L. B. Everdell*, for respondent.

WALLIN, J. From the record transmitted to this court it appears that on the 15th day of December, 1890, in an action then pending in Justice Court in Richland County, presided over by said C. L. Mayer, wherein the Traveler's Insurance Company was plaintiff and Gertrude Weber was defendant, for the unlawful detention of certain lots and an hotel thereon, situated in the City of Wahpeton, in said county, a judgment was entered in favor of the plaintiff, whereby it was adjudged that the plaintiff was entitled to the possession of said lots and premises, and that said defendant unlawfully detained the same. The judgment was rendered upon complaint of the plaintiff, and evidence in support thereof, and there was no evidence and no answer on the part of the

defendant. On the day the judgment was rendered, the defendant Gertrude Weber, appealed from said judgment to the District Court of said county upon questions of law and fact, and a new trial was demanded in the District Court. No statement of the case was settled or filed in said Justice Court. On the 10th day of January, 1891, upon the application of the plaintiff in said action, the District Court, after hearing counsel, made its order in writing, which order concluded as follows: "It further appearing that said appeal is without authority of law, now, therefore, it is ordered that the said appeal be and the same is dismissed, and the clerk of said District Court is hereby ordered to return to said justice all papers and records sent him in said action by said justice." The order was filed with the papers in said action, but was not entered in the judgment book nor in the judgment docket, but said order was recorded at length in a book kept in the office of the clerk of the District Court known as the "Order Book." No attempt has ever been made to appeal from such order. The fifth subdivision of § 24, Ch. 120, Laws 1891, specifies as among those orders from which an appeal may be taken to this court: "From orders made by the District Court vacating or refusing to set aside orders made at chambers, where by the provisions of this act, an appeal might have been taken in case the order so made at chambers had been granted or denied by the District Court in the first instance." The defendant proceeded on the theory that the order of dismissal was not appealable because made at Chambers, but that it would have been appealable if made by the court, and under the foregoing provisions he moved in the District Court to set aside the order of dismissal. This motion was denied, and from the order denying the motion to set aside an appeal was taken to this court. That appeal was dismissed. See *Insurance Co.* v. *Weber*, 2 N. D. 239, 50 N. W. 703. The court did not decide in that case whether or not the order of dismissal was an appealable order, but held that such order was, under our system, a court order when made, and hence no motion to set it aside was proper. If not appealable, the

order refusing to set it aside was not appealable, and, if appealable, the appeal must be taken direct from the original order, and not from an order refusing to set it aside. When the remittitur in the case cited was filed in the District Court, that court entered a judgment for costs against the appellant, including the costs in both courts. Certified copies of the dismissal and of the order of this court and of the judgment of the District Court, entered upon the order of this court, were filed in the Justice Court, and thereupon the justice issued execution upon the original judgment in his docket, and placed the same in the hands of the proper officer for service. While the officer was proceeding under the execution, and upon application therefor, the District Court issued a writ of certiorari to the justice, requiring him to certify and return to said court all his proceedings in said case. The justice made return, and, after argument, the court entered an order stating, in effect, that at the time of the issuance of the execution by the justice, he, the said justice, was entirely without jurisdiction, because no judgment dismissing the appeal from the justice had ever been entered in the District Court, and directing that the execution, and all the proceedings thereunder, be set aside and annulled. From a judgment entered on this order this appeal was taken.

We notice first that the propriety of the remedy pursued in this case has not been questioned; hence, we must not be understood as holding that certiorari is or is not the proper remedy in cases of this character. The case has been submitted to us on the theory that certiorari was the appropriate remedy, and we decide it accordingly. If the position of the learned trial court that no judgment of dismissal had been entered in that court be correct, and if a formal judgment of dismissal be necessary, then an affirmance must follow. Otherwise we must reverse the judgment. It is contended by respondent's counsel that the document which we have called the order of dismissal, meaning the dismissal of the appeal from Justice Court, which was entered on January 10, 1891, is not a judgment, and further contended that,

under our statutes, there can be no judgment until the proper entry is made in the judgment book. If it be conceded, and we think it must be, that a technical judgment is required to dismiss an appeal from a Justice Court, then respondent is right. A mere order of determination made by the District Court does not constitute a final judgment under our statutes. Before any judgment can have any force as such, it must, in our opinion, be entered in the judgment book. This question involves the examination of the statutes of this state regulating the rendition and entry of judgments in the District Courts. Section 5024, Comp. Laws, reads: "A judgment is the final determination of the rights of the parties in the action." Section 5095 reads: "Judgment, upon an issue of law or fact, or upon confession, or upon failure to answer, may be entered by the clerk upon the order of the court or the judge thereof." Section 5101 reads: "The clerk shall keep among the records of the court a book for the entry of the judgments, to be called the 'Judgment Book.'" Section 5102 reads: "The judgment shall be entered in the judgment book, and shall specify clearly the relief granted or other determination of the action." Section 5103 provides for making up the judgment roll, and directs that the roll shall be made up by the clerk after the entry of the judgment. This is apparent also from the requirement that the roll shall embrace a "copy of the judgment." Under § 5104 a judgment will become a lien upon real property only when docketed in another book, known as the "Judgment Docket." Section 5102, *supra*, is a copy of § 273 of Ch. 66, of the General Statutes of Minnesota of 1878, and the section of the Comp. Laws regulating the making and filing of a judgment roll by the clerk of the District Court is also copied substantially from § 275, Ch. 66, of the General Statutes of Minnesota for 1878. The point involved in the case at bar has been considered and passed upon by the Supreme Court of Minnesota in several cases, and the holding of that court has always been, in effect, that the entry of the judgment is issential to its existence as a final adjudication. That court, in *Rockwood* v. *Davenport*, 37

Minn. 533, 35 N. W. 377, reviewing the former decisions, and quoting from the statute, which says: "The judgment shall be entered in the judgment book, and specify clearly the relief granted, or other determination of the action,"—then proceeded: "By § 275, the clerk is required, 'immediately after entering the judgment,' to attach and file, as the judgment roll, certain papers, among them a copy of the judgment. Section 277 provides for docketing the judgment 'on filing the judgment roll.' These facts follow in regular sequence: *First*, the entry of the judgment; *second*, the making up and filing of the judgment roll; *third*, the docketing. To support either a judgment roll or docketing there must be a judgment entered. As this court stated in *Williams* v. *McGrade*, 13 Minn. 46, (Gil. 39,) 'if a copy of the judgment constitutes a part of the judgment roll, the original must exist.' There can be no judgment capable of being docketed or enforced in any manner until it is entered in the judgment book. Until that is done, it does not matter that a party is entitled to judgment, either by default of defendant or upon a decision or direction of the court. It has frequently been decided that an order or direction for judgment by a court or by a referee is not a judgment so that an appeal can be taken from it. That, to constitute a judgment, it must be entered in the judgment book as the statute directs, has always been held by this court. *Brown* v. *Hathaway*, 10 Minn. 303, (Gil. 238;) *Washburn* v. *Sharpe*, 15 Minn. 63, (Gil. 43;) *Williams* v. *McGrade*, 13 Minn. 46, (Gil. 39;) *Hodgins* v. *Heaney*, 15 Minn. 185, (Gil. 142;) *Thompson* v. *Bickford*, 19 Minn. 17, (Gil. 1;) *Hunter* v. *Stove Co.*, 31 Minn. 505, 18 N. W. 645." The reasoning of the learned court in the case from which we have made extracts above, based as it is upon statutes identical in their language with those in this state, seems to our minds both sound and conclusive upon the question under discussion. We are aware that California and some of the other states, under systems somewhat resembling our own, have emphasized the distinction between the "rendition" and the "entry" of a judgment; but we are convinced that it will serve to simplify and make certain an

important feature of practice to hold, as was said in one of the cases cited, "there can be no judgment capable of being docketed or enforced in any manner until it is entered in the judgment book." What was said by this court in *Gould* v. *Elevator Co.*, 54 N. W. 316, is in entire harmony with the decisions cited. In that case we said: "In this state, where an order for the entry of a judgment is given, it is the duty of the clerk under § 5095, *supra*, to enter final judgment in the judgment book, and then place a copy of said judgment in the roll (Comp. Laws, § § 5101, 5103;) and the coming in of a verdict and order for judgment entered in the minutes, or subsequently written out, signed by the judge, and filed, will give the clerk authority to enter judgment pursuant to the order. Where the action is tried by the court, the findings should indicate clearly the character of the judgment to be entered, and such findings, without further direction from the court or judge, will authorize the entry of judgment. In no case should a judge be called upon to sign a judgment." This language indicates clearly that, in the opinion of this court, it is not the order of the District Court or judge, which, under § 5095, Comp. Laws, must precede the entry of judgment, that constitutes the judgment. We think that under existing statutes the final determinations of District Courts never assume the authoritative form of a final judgment until the previous adjudication is recorded at length in an official record, called a "Judgment Book." Comp. Laws, § § 5101, 5102. See, also, *Bowman* v. *Tallman*, 28 How. Pr. 482, and *Knapp* v. *Roche*, 82 N. Y. 366.

In the view taken by this court a judgment was necessary to accomplish a dismissal of the appeal from Justice Court. A motion was regularly made to dimiss the appeal. Argument was had on the motion, and the court signed a writing which recited: "Now, therefore, it is ordered that the said appeal be and the same is hereby dismissed." Section 5323, Comp. Laws, reads: "Every direction of a court or a judge made or entered in writing, and not included in a judgment, is denominated an order,"—and the statute following: "An application for an order is a motion."

The application for the order of dismissal was by motion. That writing fulfills every requirement of an order. It fulfills none of the requirements of a judgment. It is not "a final determination of the rights of the parties in the action," because it looks forward to further proceedings, viz. to the entry of a judgment. The order of dismissal was filed and recorded at length by the clerk in a book kept in his office, labeled "Order Book." Our attention has not been called to any statute which authorizes the clerks of District Courts in this state to keep a record called an "Order Book." But in our view of the practice, if the order in question had been entered in the official minutes of the court, as would be proper practice in a case where such an order is made when the clerk is present, its entry in the minutes would not operate to change its character as an order, and transmute it into a final judgment. We are not called upon to decide in this case whether the order of dismissal, if entered in the judgment book, would constitute a regular judgment. No such entry was made as a matter of fact. But we do not hesitate to say that, in our opinion, the practice of embodying in one compound document an order for judgment and a final judgment is loose practice, and should be avoided by the profession. Counsel for appellant contend that similar orders, *i. e.* orders of dismissal made upon jurisdictional grounds, have uniformly been held final and appealable in other states. This is true. There are many such holdings. *Elderkin* v. *Spurbeck*, 2 Pin. 129; *Ketchum* v. *Freeman*, 24 Wis. 296; *Zoller* v. *McDonald*, 23 Cal. 136; *Ross* v. *Evans*, 30 Minn. 206, 14 N. W. 897, and other cases. The grounds upon which these rulings have been placed is that courts directing the dismissal of such cases, being wholly without jurisdiction of the action, are powerless to enter a final judgment of dismissal. This reasoning is not quite clear to a majority of this court. It is conceded that in such cases the court possesses the requisite authority to decide upon its own jurisdiction, and, further, that the court has a right to formally announce its decision of the question by an order of court, either entered in its minutes or written out, signed, and filed with the

clerk. This authority being conceded, we confess our inability to see why the logic of the situation does not require that the court should go one step further, and cause its final determination of the jurisdictional question to be announced as in cases of its other final determination, viz. by the entry of a formal judgment of dismissal. But in view of the numerous decisions upon the point made in other states, we should, under the rule stare decisis, feel bound to adhere to the practice of not entering a formal judgment of dismissal in cases where the dismissal is made on jurisdictional grounds, if we thought that the cases cited from other states were in point here. After a rehearing, and upon further consideration of the point, a majority of the members of this court are of the opinion that the cases cited are not precedents which can be followed in this state. The leading Minnesota case upon the question (*Ross* v. *Evans*, 14 N. W. 897,) states the ground of the rule as follows: "No costs were allowed or were taxable, and no further action of the court was required." This language would be wholly inappropriate as applied to a case arising in this state. Under a statute of this state expressly dealing with cases of dismissals for want of jurisdiction, further action is required at the hands of the District Court, and costs in such cases are expressly allowed to the party procuring the dismissal. We think that, at the time the cases ciited from Wisconsin, Minnesota, and California were decided, no similar statute had been enacted in either of the states mentioned. Section 5194, Comp. Laws, reads: "When an action is dismissed from any court for want of jurisdiction, or because it has not been regularly transferred from an inferior to a superior court, the costs must be adjudged against the party attempting to institute or bring up the action." Two features of this statute deserve a special notice: *First*, it applies to cases originating in the District Courts, as well as those begun in courts inferior to that court; *second*, the right to enter judgment for costs, depends wholly upon the antecedent ruling that the court is without jurisdiction of the case. In such cases it is obvious that the right of the prevailing party to have

judgment entered in his favor for costs depends entirely upon the legal validity of the dismissal. On appeal from such a judgment, it certainly would be reversed where it appeared that the dismissal was error. The statute defines a judgment as follows: "A judgment is the final determination of the rights of the parties in the action." Comp. Laws, § 5024. But the term judgment is often used in different senses, and it does not necessarily signify a final determination of the rights of the parties. A judgment, within the meaning of the appeal law, may be final which does not attempt to pass upon the issues or upon the merits of the controversy between the parties. This well settled rule is stated in Hayne on New Trials and Appeals (p. 555,) as follows: "The judgment is final if it disposes of the action or proceeding in which it is made so far as the court which made it is concerned, without reference to the question whether the claims of the parties may not be litigated in some other action or proceeding." If, then, such an adjudication is a final judgment, it must, we think, logically follow that it should be entered of record in the manner provided by the statute for the entry of all other final judgments, viz. by an entry of judgment in the judgment book. Our position, therefore, is that in this class of cases, as in other cases of dimissal, there should be a formal judgment entered, embracing an adjudication of dismissal, as well as for costs in favor of the prevailing party. Such a judgment would authorize an execution, and would, when docketed, become a lien upon real estate to the amount of the costs; and, moreover, on appeal from such a judgment, the court of review could dispose of all questions in the case on one appeal. On the other hand, two appeals might become necessary,—one to settle the question of the validity of the dismissal, the other to settle questions of costs alone.

We think that an order of the District Court dismissing an action or an appeal for want of jurisdiction is, in effect, when construed in the light of the statute authorizing a judgment for costs in such cases, equivalent to an order for the entry of a

formal judgment embracing a dismissal and costs, and that such orders should, in strictness, direct the entry of such judgment in terms. When such an order is entered or filed, formal judgment thereon can be entered without further action of the court or judge. It is well settled that orders for judgment are not appealable orders. *Lamb* v. *McCanna*, 14 Minn. 513, (Gil. 385;) *Hodgins* v. *Heaney*, 15 Minn. 185, (Gil. 142;) *Thorp* v. *Lorenz*, (Minn.) 25 N. W. 712. Our conclusion is that in this state an order of the District Court directing a dimissal is one which looks forward to and requires the entry of a formal judgment, and therefore is not an appealable order under the statute regulating appeals to this court. The statute does not make such an order appealable in terms, and it is quite clear that an order which is the basis for the entry of a formal judgment cannot be construed as an order which "prevents a judgment from which an appeal might be taken." Our view of the matter is that, upon appeal from a judgment of dismissal embracing the costs, it would be the duty of this court to review the dismissal upon its merits, as well as any question connected with costs which might properly appear upon the face of the judgment record. The Supreme Court of South Dakota has recently had occasion to decide the precise question we are discussing. There the appeal was taken from a judgment after the time for an appeal from an order had expired. The dismissal of the circuit court of an appeal taken from a justice judgment was made upon jurisdictional grounds, and the order of dismissal was followed by an entry of judgment, from which the appeal was taken. The case is particularly in point because it arose under the identical statutes which are in force in this state, and its facts are on all fours with those in the case at bar. *Mouser* v. *Palmer*, (S. D.) 50 N. W. 967. The time for appeal from the order of dismissal had expired before the appeal was taken, and the learned court expressly held that the appeal was from a judgment, and not from the order. The court, after holding the appeal was valid, proceeded to consider the merits of the

dismissal as embodied in the judgment of the court below. The case is direct authority for reviewing the question of dismissal by means of an appeal from a judgment entered upon an order of dismissal. No appeal will lie in that state or in this, or in California, from a judgment until the judgment is entered in the judgment book, and hence we must conclusively presume that the judgment in the South Dakota case was so entered before the appeal was taken, although the case as reported does not show affirmatively that the judgment was entered. See *Brady* v. *Burke*, (Cal.) 27 Pac. 52. Under § 6136, Comp. Laws, which provides that in certain cases the District Court shall "order the appeal to be dismissed," the argument is advanced that the statute requires that such dismissal shall be made by an order only. It must be conceded that no judgment of dismissal or other judgments can, in any case, be regularly entered in the District Courts of this state until an order therefor is first made by the court or a judge thereof. *Gould* v. *Elevator Co.*, (N. D.) 54 N. W. 316, 3 N. D. 96. But it is transparently clear to our minds that in enacting § 6136, *supra*, the legislative purpose was not either to establish or regulate the practice of District Courts with respect to the mode of entering final determinations of record. Other provisions of the Code of Civil Procedure deal specifically with the procedure in entering judgments in the District Courts. See numerous citations upon this point already made.

We will say, in conclusion, that a majority of the members of this court are convinced that the practice of entering final judgment in this class of cases should not, under our statute, be discriminated from the practice in recording other final determinations of the District Courts of this state in civil actions, including judgments of dismissal not made on jurisdictional grounds. Under the statute awarding costs, a judgment for costs is authorized, and we think that such a judgment must necessarily include a judgment of dismissal. No judgment has been entered in this case, and it follows that this action was still pending in the District Court when this proceeding was commenced to prevent

proceedings in Justice Court based upon a judgment entered in that court from which an appeal was taken to the District Court. Whether such appeal was or was not authorized by law has never been finally determined by the District Court. The District Court has by an order passed upon the right to appeal, but such order was purely interlocutory, and, until judgment upon the order is entered, the question is not finally disposed of by the District Court.

The judgment must be affirmed.

CORLISS, J., concurs.

BARTHOLOMEW, C. J., (dissenting.)  I am unable to concur in all of the foregoing opinion. In my judgment, an attempted appeal that gives the appellate court no jurisdiction of the case is properly dismissed by an order.  No judgment of dismissal is necessary or proper, and the order of dismissal is a final appealable order.  I will state my reasons, and apply them to this case briefly.

The action was forcible entry and detainer, and was brought to determine the rights of the parties to the possession of certain realty.  In Justice Court the defendant practically defaulted, but undertook to appeal from the judgment against her.  Motion was made in the District Court to dismiss the appeal.  On the hearing of the motion, the court made an order stating, *inter alia*: "And, it further appearing that said appeal was without authority of law, now, therefore, it is ordered that said appeal be and the same is hereby dismissed."  The correctness of that order is not questioned.  It stands as the law of the case.  Was it effective to dismiss the case?  The majority opinion says it was not, and that the case still remains and will remain pending in the District Court until the clerk makes a formal entry in the judgment book reciting the substance of the order, and concluding with a judgment for costs.  The argument is this:  Our statute permits an appeal from "an order affecting a substantial right, made in any action when such order in effect determines the action and

prevents a judgment from which appeal might be taken." This was an order dismissing an appeal for want of jurisdiction. But § 5194, Comp. Laws, provides: "When an action is dismissed from any court for want of jurisdiction, or because it has not been regularly transferred from an inferior to superior court, the costs must be adjudged against the party attempting to institute or bring up the action." Therefore, say my brothers, the order of dismissal could not be a final appealable order, because it does not terminate the action, and must be followed by a judgment for costs. I disagree. The order of dismissal did, in my judgment, in effect terminate the action. After its entry, no further step could be taken by either party; at best, there remained only the clerical duty to enter judgments for costs which the law imperatively demanded. The action was terminated. Did the order prevent a judgment from which an appeal might be taken? I think it did, under our statute, which declares a judgment to be "the final determination of the rights of the parties in the action." Clearly, after the order of dismissal no final determination of the rights of the parties could be made. The dismissal barred any such judgment. Nor do I think we are warranted in assuming that when the legislature used the word "judgment" in the appeal law it did not mean the judgment as defined by statute. If the order of dismissal in this case was not a final appealable order, it might be difficult to conceive such an order. Take a case where a defendant appears specially, and moves to dismiss by reason of defective service of summons. If the motion be granted the case is terminated, and the order appealable. *Ryan* v. *Davenport*, (S. D.) 58 N. W. 568, and yet the defendant would be entitled to costs under § 5194. If the motion be denied, the order is not appealable, because the case stands for hearing on the merits. The principal is identical in this case. Again, § 6136, Comp. Laws, speaking of dismissals of appeals from Justice Court in certain cases, says, "The same shall be dismissed by the order of the court." That language is plain, and I deem it safer to make the case correspond with the statute rather than refine upon the statute to make it correspond with the desired case.

It is conceded in the majority opinion that by the great weight of authority, in the absence of statutes granting costs, when appeals are dismissed for want of jurisdiction, such dismissals are effected by order; that the court can enter no judgment for costs, and take no action except to brush the case from the calendar. No reason was suggested at the argument, nor is any suggested in the majority opinion, why it should take other or greater process to dismiss the appeal in the one case than in the other. If an order will dismiss the appeal when costs are not allowed, it is incomprehensible to me why the same instrument will not effect the same purpose when costs are allowed. The statute directing costs presupposes a dismissal. There was a reason for the statute. It was unjust to compel a party to employ counsel and follow a fictitious appeal to the higher court, and there procure its dismissal, and yet be able to recover no costs. To remove that injustice this statute was enacted. It is strange if so simple a purpose can be effected only by a total change in the method of obtaining dismissals for want of jurisdiction. Nor do I think the majority opinion at all strengthened by reference to the case upon which it is based,—*Mouser* v. *Palmer*, 50 N. W. 967. That is a South Dakota case, and the statutes there are the same as ours. It is based upon *Zoller* v. *McDonald*, 23 Cal. 136, and *Bowie* v. *Kansas City*, 51 Mo. 459. The former expressly holds that an order dismissing an appeal for want of jurisdiction is a final appealable order. The Missouri case holds that to be a final judgment which, under the holding in the majority opinion as to what constitutes a judgment, and in which I concur, would constitute no judgment whatever in this state. It was simply an order of dismissal for failure to amend, and it is stated that "no final judgment was rendered in form," and the court adds: "But the case was entirely out of court, dismissed against the will of plaintiff, and was a finality so far as plaintiff was concerned." In other words, it performed the service that I claim for the order in this case. It ended the case, although no judgment for costs or otherwise was entered. The case is an

authority for the appealability of the order of dismissal in this case. My associates find support for a distinction between cases when costs are and are not allowed in the language in *Ross* v. *Evans*, 30 Minn. 206, 14 N. W. 897. When the language is read with the context I do not think it is or was intended to be decisive of that point. In holding the order of dismissal in that case appealable and final, the court use the language quoted by Judge Wallin: "No costs were allowed or were taxable, and no further action of the court was required," and immediately adds: "From the nature of the case, if the court had not required any jurisdiction to take cognizance of the action, the order was necessarily a final one, which prevented further proceedings in the District Court." The condition of this case on appeal to the District Court was the same. That court was without jurisdiction to take cognizance of the case as such. Dealing with the case, it could do nothing but dismiss it. It could enter no judgment affecting the rights of the parties. By virtue of the statute, costs could be recovered against the party who undertook to bring up the case on appeal. But that did not affect the status of the case. That was dismissed. Costs are not a necessary part of a judgment. *Mouser* v. *Palmer, supra.* They "are an incident or appendage of the judgment" (*Scott* v. *Burton,* 6 Tex. 322,) and their omission does not render the balance of the judgment less final and appealable (*Williams* v. *Wait,* [S. D.] 49 N. W. 209.) Had the dismissal in this case been entered in the judgment book, without costs, it would have been final and appealable under the logic of my associates. But it would have been in form and effect an order only. No execution or process could have issued on it. It would have been a lien upon nothing. It would have settled no rights. It would have performed no functions of a judgment, and all of the functions of an order. It would have been entered upon the determination of no issue raised by pleadings, either of law or fact. It would have been entered in response to a motion, —the proper application for an order. And yet my associates insist that the dismissal must be by judgment, and cannot be by

order. It is true, as claimed, that the rule of practice adopted by my associates is, in theory at least, productive of greater uniformity and simplicity in case of appeal to this court. But I cannot for that reason alone adopt, without protest, a rule which I believe to be contrary to the clear weight of authority, and destructive of our statutory definition of a judgment and of an order, and in direct opposition to the provision which declares that an appeal from Justice's Court may be dismissed by order of of the District Court.

(59 N. W. Rep. 523.)