TRAVELERS' INS. CO. *vs.* GERTRUDE WEBER.

Opinion filed June 23, 1894.

**Bond on Appeal—Construction—Liability.**

> In an action on an undertaking given on appeal to this court, *held*, under circumstances set forth in the opinion, that the word "judgment" could not be expunged from the undertaking, and the word "order" inserted in its place, as a clerical error. There was no attempt to reform the undertaking on the ground of mistake.
>
> BARTHOLOMEW, C. J., dissenting.

Appeal from District Court, Richland County; *Lauder*, J.

Action by the Travelers' Insurance Company against Gertrude Weber and others. Judgment for defendants, and plaintiff appeals. Affirmed.

*McCumber & Bogart*, for appellant.
*W. E. Purcell* and *L. B. Everdell*, for respondents.

CORLISS, J. On this appeal the plaintiff complains of the decision of the trial court holding that plaintiff is not entitled to recover the value of the use and occupation of certain premises in an action on an undertaking given on appeal. Plaintiff instituted, in Justice Court, proceedings to recover possession of such real property under the statute of forcible entry and detainer. Judgment was there rendered against the defendants. An appeal

having been taken to the District Court, that court made an order which in terms dismissed the appeal. We have already held in *Re Weber*, 59 N. W. 523, that such order was not effectual to dismiss the appeal, but was in legal effect only an order for judgment of dismissal. Therefore, unless judgment has been entered on that order, the case is still pending in the District Court. The defendants, regarding the order purporting to dismiss the appeal as a chambers order, and therefore not appealable, sought to review it in the only manner permitted by law, on the assumption that it would have been an appealable order if made by the court. They made a motion to set it aside, and then appealed to this court from the order refusing to vacate it. It was on this appeal that the undertaking in question was given. We held that the order purporting to dismiss the appeal from Justice Court was a court order, and not a mere chambers order, and that, therefore, it was not proper to review it by moving to vacate it, and then appealing from the order denying such motion. *Insurance Co.* v. *Weber*, 2 N. D. 239, 50 N. W. 703. Accordingly the appeal to this court was dismissed. Thereupon this action was brought upon the undertaking given on such appeal. As the decision of this case will rest upon the construction of the undertaking, it is necessary to set forth a copy of a portion of it. After the formal part, the undertaking reads as follows: "The condition of the foregoing bond is such that whereas the above bounden Gertrude Weber has appealed from an order of this court made in said action on the 13th day of March, 1891, denying the motion of said Gertrude Weber to vacate and set aside an order made by the judge of said court on the 10th day of January, 1891, dismissing an appeal taken by the said defendant from a judgment rendered in the Justice Court of this county and state against the said defendant, and from the whole thereof: Now, therefore, if the said Gertrude Weber shall well and truly pay, or cause to be paid, to the said plaintiff, the Travelers' Insurance Company, all costs that shall be adjudged against her on said appeal, and will not commit, or suffer to be committed, any waste of the property

involved in this action, and shall, if the judgment be affirmed, pay the value of the use and occupation of said property, from the time of the appeal until the delivery of the possession thereof, pursuant to judgment, then and in that case this obligation to be void; otherwise, to remain in full force and effect." It will be noticed that the liability of the obligors is by the terms of the undertaking conditioned on an affirmance of the judgment, *i. e.* the judgment rendered by the justice of the peace. The court has not affirmed such judgment, and therefore, unless this word "judgment" can be expunged, and the word "order" inserted in its place, the contingency on which the obligors were to be liable on the undertaking has not happened. There has been no attempt to reform the instrument on the ground of mistake, and we must therefore hold that the insertion of the word "judgment" was a clerical error, if we are to decide in favor of the liability of the defendants on the undertaking. This we might feel constrained to do if the judgment of the justice of the peace had not been referred to in the undertaking. But it is. Not only are the two orders mentioned, but the judgment also is referred to. Having specified the judgment as well as the orders, the obligors expressly made their liability depend upon the affirmance of such judgment. That they intended to be bound only on affirmance of such judgment is apparent from the fact that other provisions of the undertaking show that the parties contemplated that they should be liable for the use and occupation of the premises only in the event of its being finally decided that plaintiff was entitled to the possession of such premises. They have agreed to pay the value of such use and occupation from the time of the appeal "until the delivery of the possession pursuant to judgment." No such final judgment has been rendered. On the contrary, the final judgment in the case may be favorable to the defendants, as the case is still pending in the District Court. The obligors never contemplated that they should be liable for the value of the use and occupation while the question of right still remained unsettled. They had no thought of being forced to pay the

plaintiff for such use and occupation only to have him refund the amount on being ultimately defeated in the case. If the liability of the obligors were fixed by the dismissal by this court of the appeal from the order, then no subsequent action of the District Court in the original case would affect their liability. The result would be that judgment would have to be rendered on the under- taking against the obligors, and in favor of the plaintiff, although at the time it was rendered the District Court in the original proceeding had, by its own action or under the mandate of this court, taken jurisdiction of the appeal from the Justice Court, and rendered judgment against the plaintiff on the merits; hold- ing it not entitled in that proceeding to the possession of the land, for the value of whose use and occupation defendants herein would, nevertheless, be bound to account to the plaintiff. The plaintiff, under this construction of the undertaking, would be allowed to recover for the use and occupation of premises after the court had decided that at no time during the pendency of the appeal to this court had plaintiff any right to their possession. When the obligors agreed to be liable for such value "until the delivery of such possession thereof pursuant to judgment," they meant that the liability should be dependent upon the plaintiff's securing such a final decision as would forever settle its rights to possession.

It is said that, the undertaking having been given on appeal from the order denying the motion to vacate the order purporting to dismiss the appeal from Justice Court, it must be assumed that the obligors intended to make their liability contingent on the affirmance of that order. In answer to this contention, we say that, the undertaking having been given (except in so far as it secured costs on this appeal) for the sole purpose of obtaining a stay of proceedings under the judgment of the justice of the peace which awarded possession of the premises to the plaintiff, it is fair to presume that the parties intended that the liability should be dependant on the affirmance of such judgment. Nor would it have been impossible for this court to have affirmed in

legal effect such judgment on such appeal.   Had we held that the first order was a chambers order, and that an order without a judgment was effectual to dismiss an appeal from Justice Court, and had we further decided that the District Court did not err in dismissing the appeal, we, by our decision, would have finally settled the right of the plaintiff under the judgment in Justice Court to secure possession of the premises in question, and this would in legal effect have affirmed such judgment. It would have been a final decision by this court that the District Court was right in holding that no appeal from the judgment would lie, —that the judgment must forever stand.   We are clear that under such circumstances the defendants would have been liable on the undertaking for the value of the use and occupation of the premises, provided the undertaking is a valid instrument.   It is certainly not valid as a statutory undertaking.   There is no statute authorizing it.   The plaintiff might have proceeded to execute the judgment in his favor despite the execution of this undertaking.   Whether the undertaking given on appeal to the District Court embraces the value of the use and occupation of the premises until that appeal is finally disposed of in the Supreme Court, provided it is brought to this court, we do not decide, nor do we decide whether such undertaking would have stayed proceedings pending the appeal to this court.   But we are clear that the appellant on the appeal from the order could not, by the giving of any other undertaking, have stayed on that appeal the execution of the judgment awarding the possession of the premises to respondents.   It is not necessary for us to express an opinion whether the undertaking is not good as a common law obligation, for in any event the defendants are not liable (except for the costs of the appeal,) there having been no breach of the undertaking, so far as the value of the use and occupation of the premises are concerned, by the affirmance of the judgment.

The judgment of the District Court is affirmed.

WALLIN, J., concurs.

BARTHOLOMEW, C. J.  I dissent upon the grounds stated in my dissenting opinion in the case entitled *In re Weber*, 59 N. W. 523, 4 N. D. 119, and for the further reason that in my opinion the word "judgment" in the appeal bond upon which the action was based was by a clerical error used in lieu of the word "order." It was the "order" from which the appeal was taken. This court was asked to review the order.  Nothing more could be reviewed on that appeal, and it was the order, and that only, that could, in any proper use of the terms, be affirmed or reversed on that appeal.