## MICHAEL KŒNIG vs. THE COUNTY OF WINONA.

An appeal does not lie from the assessment of damages by the board of county commissioners, made in pursuance of the provisions of *Chap.* 68, *Sess. Laws* 1862, providing for the location, change and vacation of highways.

Proceedings were had before the board of county commissioners of Winona county, for the laying out of a county road. Kœnig presented a remonstrance against laying out the road, claiming that he would be damaged thereby $857.50. The county commissioners laid out the road and assessed Kœnig's damages at $100; from their decision Kœnig appealed to the District Court of Winona County. The appeal came on to be heard at the March term of said Court, 1864; when the cause was reached upon the calendar, the county attorney moved the Court to dismiss the appeal, upon the ground that the determination of the board of county commissioners is final and no appeal lies; which motion was granted, and from the order dismissing the appeal Kœnig appeals to this Court.

SARGEANT, FRANKLIN & KEYES for Appellant.

I.—The Court erred in dismissing the appeal.

*Sec.* 6, *Chap.* 68, *Laws of* 1862, requires persons over whose lands a highway is located by the board of county commissioners, to present to said board his claim for damages in consequence thereof.   By *sec.* 17, *chap.* 29, *Laws* 1862, it is provided: "When the claim of any person against a county shall be disallowed, in whole or in part, by the board of county commissioners, such person may appeal from the decision of such board to the District Court in the same county, by causing a written notice of such appeal to be filed in the office of the county auditor, within thirty days after the decision appealed from was made."   Chapter 29 of the laws of 1862, is amendatory of sections 17 and 18 of chapter 7 of the Compiled Statutes.

By *sec.* 13 of said *chap.* 7, the several boards of county commissioners are authorized and required to lay out, discontinue or alter county roads and highways within their respective counties, and to do all other necessary acts relating thereto.

By *secs.* 17 *and* 18 *of chap.* 7 *of the Comp. Stat.*, an appeal was allowed from the disallowance by the board of county commissioners of any claim or part of claim.

The statute in relation to the manner of laying out and altering county roads in force at that time (*chap.* 11, *Comp. Stat.*,) makes no mention in terms of an appeal from their decision, and yet it is submitted, that it was a party's right to lay before them a demand for damages, which demand constituted in contemplation of the statute, such a claim as would enable the party to appeal to the District Court, in case of such claim's being disallowed in whole or in part, and that the appellant had equally a right to appeal to said Court in the case at bar.

WM. MITCHELL for Respondent:

The sole question to be decided is whether a party has a right of appeal to the District Court from an assessment of damages by laying out a road, made by the county commissioners pursuant to *chap.* 68, *Gen. Laws of* 1862.

On behalf of respondent it is submitted that the right of appeal

to the District Court given by *sec.* 17, *chap.* 7, *Comp. Stat.*, does not apply to an assessment of damages made by county commissioners under *chap.* 29, *Laws* 1862.

I.—There can be no such right of appeal by implication, because in no case whatever is an appeal to the District Court allowed from any assessment of damages caused by laying out a road. Where the road is laid out by the authorities of a township, a party may by express provision of statute appeal to three county commissioners, but in no such case is there any appeal to the District Court, and there is nothing in the act of 1862 indicating that the Legislature intended to make any especial exception in favor of cases under that act.

II.—This is not " a claim" against the county in the sense in which that word is used in *sec.* 7, *chap.* 17, *Comp. Stat.* It is not " a claim" against the county until it is assessed by the county board, and then it is "a claim" only to the amount so assessed. In assessing damages for the laying out of a road the county commissioners do not act in the same capacity as in auditing " claims" against the county. They act in the latter case as a board of auditors, and the statute in referring to their acts in this capacity speaks of their " allowing" or "disallowing" claims. But in the road law of 1862 the term used is " assessing damages." And in doing this they act as a court or jury, and their decision therein stands on the same footing as the finding of a court or the verdict of a jury.

III.—If an appeal from their " assessment of damages " was allowed, it would defeat the operation of the law itself. In deciding upon the propriety of laying out a road, they are required to take into account the comparative damages and public benefits. If the damages exceed the public benefit to be derived from laying out the road, they shall order the petition dismissed. This clearly indicates that their assessment is to be final. Were it otherwise, they might grant the prayer of the petition, supposing the advantage to the county from laying out the road would warrant the county in paying the amount assessed by them, and afterwards on appeal judgment might be obtained against the county

for an amount far exceeding any advantages to be derived from the new road.

*By the Court*—McMILLAN, J.—The act under which the proceedings to lay out the road in this case originated, does not by its terms allow an appeal from the assessment of damages by the commissioners, or from their decision locating the road. If, therefore, the right of appeal exists, it must be given by some other statutory provision. The only provision upon which the appellant relies to sustain the appeal is *sec.* 17, *chap.* 7, *of the Comp. Stat.*, amended 1862, *Sess. Laws* 1862, *p.* 84.

While the statute under which the proceedings in this case were had, permits a party to present to the board of commissioners a claim for damages, it will be observed that no claim *legally* exists against the county until the final determination of the board to locate the road. *Sess. Laws* 1862, *chap.* 68, *sec.* 6. For if after the assessment of damages the board should determine that the road was not of sufficient advantage to the county to warrant the paying of the damages assessed, and dismiss the petition, no injury would result to the claimant and no liability exist on the part of the county. The assessment of damages itself does not create a claim against the county; it is the location of the road only that gives validity to any claim for damages. We think it is not such a claim as is embraced in the section allowing an appeal. But it was evidently the intention of the law that no appeal should be allowed from the assessment of damages by the board of commissioners. By the terms of the act the commissioners are to determine whether the damages are greater than the public utility of the road. It will be perceived that the judgment of the commissioners in locating a road is based expressly upon the amount of damages as assessed by them. Any alteration, therefore, of the amount of damages would seriously affect their judgment in laying out the road, and might entirely change their determination. Yet if an appeal may be allowed from the assessment, the damages may be increased indefinitely and still the determination to locate the road remain unchanged, for it is not

supposed that the appeal lies from or affects the determination of the board locating the road. A construction of the law which would lead to such results would not be reasonable.

We think the appeal was properly dismissed. The order is affirmed.