JOHN B. BRISBIN et al.

*vs.*

THE AMERICAN EXPRESS CO. AND GEO. McDONALD.

Portions of defendants' answer were struck out on motion. They then filed an amended answer, portions of which plaintiffs moved to strike out, as "irrelevant, redundant, not in conformity to the statute, as containing the evidence of facts, and not allegations of material facts, and as having been in substance, upon motion stricken from defendants' answer."

Defendants appealed from the order of the District Court granting the motion.

*Held*, that an appeal would not lie, except in case of an abuse of discretion on the part of the District Court.

On such a motion the sufficiency of the complaint is not in question.

Appeal dismissed.

This action was brought in the district court for Ramsey county. The plaintiffs allege in their complaint substantially, among other things, that defendant McDonald brought

suit against the defendant, the American Express Company, to recover the value of a trunk alleged to have been lost by said express company; that the express company appeared and answered; that the cause was regularly noticed for trial by the plaintiffs therein for the May term, 1868, of said court; that at said term he recovered a verdict for $282; that the plaintiffs, who were the attorneys for Mc- Donald in said suit, by reason of their services in said suit, and other services and transactions with McDonald, in the complaint set out, became the owners of the verdict; that afterwards and during the pendency of an appeal from an order of said court denying a motion for a new trial, the express company knowing the plaintiffs' interest in said verdict, contriving with McDonald to defraud the plaintiffs, settled with him, gave up its appeal and moved to dismiss the action; that said verdict was the only means by which plaintiffs could be paid what was due them from McDonald, and that they would be without remedy if the motion to dismiss was granted. The plaintiffs pray that the settle- ment between the express company and McDonald may be annulled, that they be declared owners of the verdict, and be allowed to prosecute it, and that the defendants be re- strained from prosecuting said motion or intermeddling with said verdict or action.

The Express Company demurred to the complaint, and the demurrer was overruled. It then answered and por- tions of its answer were stricken out on motion. An amended answer was filed, containing, among other things, allegations that the claim upon which McDonald recovered against the Express Company was false and fraudulent, and known to be so by plaintiffs; that the cause was not tried upon its merits; that the verdict was taken by default; al- legations of matters in excuse of the default, and of the ef-

Brisbin et al. v. American Express Company.

forts made to be relieved from such default ; and as a second defense, that McDonald with the knowledge and consent of plaintiffs, executed an order to Daniel Sexton requesting plaintiffs to pay the avails of the suit to said Sexton, and that plaintiffs promised to do so. The plaintiffs moved to strike out all these allegations, and the court below granted the motion, and filed its opinion theron as follows :

" It is the opinion of the court that the defendant, the American Express Company, cannot re-open and litigate anew the question determined by the judgment in the action brought against them by their co-defendant herein, and that the statement in the answer of the causes of their default in that action, and of their efforts to be relieved therefrom are immaterial. The Company is at liberty, of course, to set up the facts in reference to the alleged service of notice of trial by the plaintiffs, as well as the facts concerning the settlement of the judgment, so far as they relate to the terms of the settlement, to their knowledge of the plaintiffs' interest in the matter, to the sufficiency of the amount paid on such settlement, and to the condition of the suit as regards the pendency of proceedings for a new trial. It is proper also for them to deny the allegations of fraud contained in the complaint, and to dispute the plaintiffs' interest in the judgment.

Some of these matters are embraced in portions of the answer which the plaintiffs asked to have stricken out, but they are so mingled with the immaterial allegations as to make it difficult if not impossible to separate them and leave an intelligible answer ; the allegations under the so called second defense raise no material issue in the case."

The defendants appeal from the order granting such motion to this court.

W. P. Warner, for Appellants.
vol. xv.—4

Brisbin & Palmer, Respondents in person.

*By the Court*—Ripley, Ch. J.—McDonald recovered a verdict against the Express Company for the loss of his trunk. During the pendency of an appeal from the order of the district court denying a motion for a new trial, the Express Company settled with McDonald, dropped their appeal, and moved to dismiss the action in the district court. Plaintiffs, the attorneys for McDonald in said suit, and in other proceedings in the complaint stated, thereupon brought this action, alleging themselves to have become, by reason of the transactions with McDonald alleged, the owners of the verdict prior to said settlement, in payment for their services in said suit and proceedings : that the Express Company settled with McDonald, knowing that plaintiffs claimed an interest in the verdict and contriving with McDonald thereby to defraud plaintiffs of their demands ; that said verdict was the only means by which plaintiffs could be paid, and that they would be without remedy if the motion was granted, and praying that the settlement might be annulled, and that they be declared owners of the verdict and allowed to prosecute it, and that defendant be enjoined from prosecuting said motion or intermeddling with said verdict or action.

Defendants, the American Express Company, demurred to the complaint, and the demurrer was overruled. They then filed an answer, portions of which were struck out on motion, and upon filing an amended answer, plaintiffs moved to strike out certain portions thereof, as irrelevant, redundant, not in conformity to the statute, as containing the evidence of facts and not allegations of material facts, and as having been in substance upon motion once stricken from defendants' answer.

The motion was granted, and defendants appeal. " To regulate the form of the issues, strike out irrelevant or redundant matter and allow additional allegations where the parties have made no agreement respecting the same, may properly be considered matters within the discretion of the court, and its order not the subject of appeal." *Bingham vs. Board of Supervisors of Winona Co.*, 6 *Minn.*, 136, *p* 145.

A motion to strike out such matters would not put the moving party in the same position as if a demurrer were interposed to the complaint. That admits to be true only what is well pleaded; the object of the motion is to correct bad pleading. The remarks above quoted, however, are of course to be understood to be subject to the general exception, that no abuse of the discretion of the court below is shown as if facts constituting a meritorious defense, well pleaded, were so struck out. An order striking out such allegations would go to the merits of the action. *Starbuck vs. Dunklee*, 10 *Minn.*, 168.

Upon examining what is here so struck out, we see no improper exercise of the discretion of the court below. Plaintiffs claim to own the verdict obtained by McDonald against the Express Company, who cannot, in this action, try again the issues determined by that verdict.

The statement of the causes of their default in that action and of their efforts to be relieved from it are therefore immaterial, as the court below has found.

· Supposing the verdict to have been obtained by fraud and perjury, it is voidable only in proper proceedings in the action in which it was obtained.

And, if it be said that this defense does not seek to re-open the verdict, but only to show its groundlessness as a reason why a court of equity should not aid plaintiff to enforce it, it may be replied that this is not a suit to enforce the verdict.

Brisbin et al. v. American Express Company.

It can be prosecuted and enforced, as it can be avoided, only in the action wherein it was obtained. The defendants, after taking steps to avoid it, voluntarily settled with McDonald and dropped their appeal. If the settlement was fair, without notice of any valid claim of plaintiffs, it will protect them. If otherwise, and the verdict can not now be opened, how can they ask to be heard against the consequences of their own voluntary act?

An amended answer drawn with the latitude allowed by the district court, would contain all the allegations that upon these pleadings appear to be material. We agree with it in the opinion that while some of these are embraced in those portions of the answer stricken out, yet they are so mingled with immaterial allegations as to make it difficult if not impossible to separate them and leave an intelligible answer. As to the second alleged defense, it is obviously wholly immaterial in a suit brought to prevent the dismissal of the action of McDonald vs. the Express Co. whether or not the plaintiffs had agreed to pay over the proceeds of the latter to any other person. The appeal is dismissed.