CHELSEA J. ROCKWOOD, Assignee, vs. EDWARD J. DAVENPORT.

| 37 | 533 |
|----|-----|
| f71 | 310 |
| 37 | 533 |
| o73 | 366 |
| 73 | 367 |

December 13, 1887.

**Judgment—Entry before Docketing.**—To constitute a judgment for the purpose of docketing, it must be entered in the judgment-book. A docketing without such entry is of no avail, even though a "judgment-roll" be filed with what purports to be a copy of a judgment in it.

**Same—Entry nunc pro tunc—Power of Clerk.**—In such case the clerk cannot, without an order of the court, enter a judgment *nunc pro tunc.*

**Same—Injunction to Restrain such Entry.**—But *held*, that the refusal of the court to grant a temporary injunction to restrain the clerk from entering the judgment *nunc pro tunc* in such a case was within the sound legal discretion of the court.

The plaintiff brought this action in the district court for Hennepin county, to restrain the defendant, who is clerk of such district court, from entering certain judgments in the judgment-book, and appeals from an order by *Lochren*, J., refusing a temporary injunction. It appeared from the complaint and the affidavits on the part of the defendant that the plaintiff is the assignee in insolvency of one Samuel H. Baker under an assignment made April 15, 1887; that in March, 1887, the defendant entered in the judgment docket of the court the record of what purported to be judgments of the court against Baker; that at the time of such docketing no judgments had been entered in the judgment-book, but judgment-rolls containing a copy of the judgments had been made up and filed, the formal work of entering judgments in the judgment-book not having been done by the defendant because of press of business.

*A. B. Jackson*, for appellant.

*Dobbin & Hanley*, for respondent.

GILFILLAN, C. J.    Gen. St. 1878, c. 66, § 273, reads: "The judgment shall be entered in the judgment-book, and specify clearly the relief granted or other determination of the action." By section 275 the clerk is required, *"immediately after entering the judgment,"* to attach and file, as the judgment-roll, certain papers, among them a *copy* of the judgment.    Section 277 provides for docketing the judgment *"on filing the judgment-roll."* These acts follow in regular sequence : *First,* the entry of the judgment; *second,* the making up and filing the judgment-roll; *third,* the docketing.    To support either a judgment-roll or docketing, there must be a judgment entered.    As this court said in *Williams* v. *McGrade,* 13 Minn. 39, (46:) "If a copy of the judgment constitutes a part of the judgment-roll, the *original* must exist."    There can be no judgment capable of being docketed or enforced in any manner till it is entered in the judgment-book. Until that is done, it does not matter that the party is entitled to judgment, either by default of defendant, or upon a decision or direction of the court.    It has frequently been decided that an order or direction for judgment by the court, or by a referee, is not a judgment, so that an appeal can be taken from it.    That to constitute a judgment it must be entered in the judgment-book, as the statute directs, has always been held by this court.    *Brown* v. *Hathaway,* 10 Minn. 238, (303;) *Williams* v. *McGrade,* 13 Minn. 39, (46;) *Washburn* v. *Sharpe,* 15 Minn. 43, (63;) *Hodgins* v. *Heaney,* Id. 142, (185 ;) *Thompson* v. *Bickford,* 19 Minn. 1, (17;) *Hunter* v. *Cleveland Stove Co.,* 31 Minn. 505, (18 N. W. Rep. 645.)

The filing of the roll and docketing in this case, there being no judgment to authorize them, were of no avail.    The omission of the clerk to enter the judgment before performing those acts was apparently a gross violation of official duty.

Whether the court, with the proper parties before it, and upon a proper showing, might direct the clerk to enter the judgment *nunc pro tunc,* we need not consider.    Certainly the clerk cannot lawfully do it without such order.    But although the unauthorized act of the clerk in entering judgment as of the date of the docketing would put an apparent cloud upon plaintiff's title, yet, as the granting a tem-

porary injunction rests in the sound legal discretion of the court, the refusal to grant it was not necessarily error. The plaintiff does not lose any right by the refusal. If the judgment be entered *nunc pro tunc,* he has his remedy against the party claiming under it, and in the prosecution of that remedy both of the parties interested would be before the court, instead of there being but one of them, as is the case here. To refuse the temporary injunction when such a ground for it exists, is not beyond a sound legal discretion.

Order affirmed.