MARCUS MAURIN and Another v. J. N. CARNES and Another.[1]

January 24, 1898.

Nos. 10,878—(259).

**Judgment—Necessity of Entry—Rockwood v. Davenport, 37 Minn. 533, Followed.**
Even though a judgment roll is filed, containing what purports to be a copy of the judgment, still there is no judgment until entered in the judgment book. Rockwood v. Davenport, 37 Minn. 533, followed.

**Foreclosure of Mortgage—Redemption by Lien Creditor—Notice of Intention—When to be Filed.**
On the last day of the year to redeem from a mortgage foreclosure sale, a judgment declaring a subsequent deed of the premises to be a mortgage was entered in an action brought by the grantee therein against the grantor therein, who had executed such prior mortgage. On the day prior, said grantee filed in the register's office a notice of intention to redeem from the foreclosure sale as a subsequent mortgagee. The trial court did not find in the action at bar that the deed was, at the time of

[1] Reported in 74 N. W. 139.

its execution, intended as a mortgage. *Held*, the notice being filed before, so far as appears, the grantee became a lien creditor, the redemption made on such notice is void, even though, by the judgment, he afterwards became such creditor before the year to redeem expired.

**Same—Redemption by Grantee in Deed Intended as a Mortgage.**

Whether the grantee in such a deed must redeem within the year as an owner, or after the year as a subsequent creditor, quære.

Appeal by plaintiffs from an order of the district court for Morrison county, Searle, J., denying their motion for a new trial. Affirmed.

*D. W. Bruckart* and *R. B. Brower*, for appellants.

*M. D. Taylor*, for respondents.

CANTY, J.[2]

On November 10, 1890, one Kobe purchased the land in question from one Norris, and, in consideration of the conveyance, executed to Norris notes and a purchase-money mortgage for the sum of $4,000. The mortgage was duly recorded. Thereafter, on January 28, 1893, Kobe executed his warranty deed, by the terms of which he conveyed the land to plaintiffs; and, from the covenants of warranty contained in the deed, the mortgage to Norris was excepted. Thereafter there was default in the payment of two of said notes (the others being not yet due). The mortgage was duly foreclosed under the power of sale therein contained; and on 'March 30, 1894, the mortgaged premises were, on the foreclosure sale, bid in by defendant Elizabeth A. Carnes, the then holder of the mortgage.

Thereafter, in August, 1894, the deed to plaintiffs was recorded; and thereafter, in February, 1895, they commenced an action against Kobe to have this deed declared a mortgage. Kobe being in default for want of an answer, plaintiffs applied to the court for an order for judgment, which was granted. Thereafter, on the evening of March 29, 1895, plaintiffs caused the summons, complaint, order for judgment, and a form of the judgment ordered by the court in that action, to be filed in the office of the clerk of the district court, and made up in the form of a judgment roll, and also

[2] BUCK, J., absent, took no part.

caused the clerk to docket the supposed judgment. Thereafter, on the same evening, plaintiffs filed in the office of register of deeds a notice of intention to redeem from the foreclosure sale as creditors under this supposed judgment. But no judgment in that action was entered in the judgment book in the clerk's office until the afternoon of the next day, being the day on which the year to redeem from the foreclosure sale expired. Within five days thereafter, under said notice and judgment, the plaintiffs paid to the sheriff the amount necessary to redeem from the foreclosure sale, for the purpose of so redeeming as creditors of Kobe; and the sheriff executed to them a certificate of redemption.

When the year to redeem expired, Elizabeth A. Carnes, by J. N., her husband, went into possession; and this is an action of ejectment brought by plaintiffs to recover possession from her. On the trial before the court, without a jury, the court found the foregoing facts, and thereupon found for defendants. From an order denying a new trial, plaintiffs appeal.

1. In our opinion, the order appealed from should be affirmed. Even though a judgment roll is filed containing what purports to be a copy of the judgment, still there is no judgment until it is entered in the judgment book. Rockwood v. Davenport, 37 Minn. 533, 35 N. W. 377. The grounds on which this is held are stated in that case, and need not be here repeated.

2. It did not appear by the deed, which was absolute on its face, that plaintiffs were creditors of Kobe. The judgment which transformed what appeared to be an absolute deed into a mortgage was entered before the year to redeem expired, but not until the next day after the notice of intention to redeem was filed in the register's office. A person who, in pursuance of the notice, examined the clerk's records in the meantime, would find no such judgment. Then the notice of intention to redeem under the judgment was filed in the register's office, when no such judgment existed. In our opinion, the notice was therefore void, and did not become valid because it was on record next day when the judgment was entered.

There was oral evidence given on the trial tending to prove that the deed, when executed, was intended as a mortgage. But the

trial court made no finding on the question, and was not requested to do so by either party. Under these circumstances, the failure of that court to find on the question cannot be reviewed by this court. Whether a grantee in such a deed, occupying in fact the position of a subsequent mortgagee, should redeem from the foreclosure of the prior mortgage as an owner within the year, or as a subsequent creditor after the year, is a question which we need not pass upon at this time. In the absence of a finding that this deed, when executed, was intended as a mortgage, we must take the deed to be what it appears on its face to be,—an absolute conveyance, which remained such until transformed into a mortgage on March 30 by the judgment of the court. After it thus became a mortgage, plaintiffs filed no notice of intention to redeem, and therefore their attempted redemption as subsequent creditors is void.

Order affirmed.