HENRY SCHEIBEL v. NELS ANDERSON.

June 19, 1899.

Nos. 11,683—(102).

**Redemption as Creditor by Grantee of Absolute Deed—Judicial Decision.**

A party having an equitable mortgage, in the form of an absolute conveyance or transfer of the land, may redeem as "a creditor having a lien," without having first obtained a judicial determination that the conveyance or transfer is a mortgage.

Action in the district court for Brown county against defendant as sheriff of said county to redeem from a mortgage foreclosure sale and to compel defendant to execute a certificate of redemption. The case was tried before Webber, J., who found in favor of plaintiff; and from a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Jos. A. Eckstein* and *Lind & Somsen,* for appellant

*C. A. Hagberg* and *Somerville & Olsen,* for respondent.

MITCHELL, J.

Action to compel the defendant, Anderson, as sheriff, to execute to the plaintiff a certificate of redemption from a mortgage foreclosure sale.

The undisputed facts are as follows: One Fortwengler, being the owner of the land in question, executed three successive mortgages upon it,—the first one to Aufderheide, in the form of an absolute deed to Aufderheide, accompanied by a contract by the latter to convey the land back to Fortwengler upon the payment of a speci-

fied sum; the second to one Williamson, in ordinary form; and the third to the plaintiff, in the form of an assignment to him of Aufderheide's contract to reconvey. This assignment was absolute in form, but was intended merely as security for the payment of certain indebtedness of the assignor to the assignee. One Schmidt, being assignee of the Williamson mortgage, foreclosed it under a power, and bid in the property at the sale on November 27, 1896. On November 27, 1897, the plaintiff filed notice of his intention to redeem as a creditor having a lien under his equitable mortgage, to wit, the assignment from Fortwengler of Aufderheide's contract to convey. On November 24, 1897, in an action brought by some of Fortwengler's judgment creditors against him, Aufderheide, and plaintiff, judgment was rendered adjudging Fortwengler's assignment of Aufderheide's contract to reconvey to be merely a mortgage. The judgment roll was made up on that day, with a copy of the judgment attached, but the judgment was not in fact entered on the judgment book until December 3. On December 1, 1897, the plaintiff presented to defendant sheriff the required proofs of his right to redeem (including a copy of the judgment referred to), and tendered him the requisite amount of money, and demanded a certificate of redemption from the sale on the Williamson mortgage. The sheriff refused to receive the money or to execute a certificate of redemption.

There is nothing in the point that plaintiff's proofs should have included a copy of the deed from Fortwengler to Aufderheide. That deed constituted a part of the mortgage from Fortwengler to Aufderheide, but not of the mortgage from Fortwengler to the plaintiff.

Two objections are made to plaintiff's right to redeem: First, that, although he was in fact an equitable mortgagee, yet upon the face of the records, and upon the face of the assignment to him of the Aufderheide contract to convey, he appeared to be an owner of the premises, and not a creditor having a lien, and therefore he should have redeemed as owner within one year from the date of the sale; second, that, at the time of an attempted redemption, there was no judgment adjudging the assignment to him of the Aufderheide contract to be a mortgage; and in reference to this

last point we are asked to overrule Clark v. Butts, 73 Minn. 361, 76 N. W. 199.

We see no reason for overruling that case. On the contrary, subsequent observation and information has increased our conviction that that decision was not only sound in principle, but also founded on considerations of wise public policy, in shutting off an incipient, but extensive, branch of legal industry, which would otherwise have upset almost innumerable titles, where the property had gone into the hands of innocent purchasers relying upon judgments regular and valid on their face. But that question is not in this case. The plaintiff was claiming the right to redeem, not under the judgment, but under his equitable mortgage or lien on the land, by virtue of the assignment to him of the Aufderheide contract to convey. The only relation, if any, which the judgment had to the matter, was as proof that this assignment was in fact a mortgage.

Hence the only question left is whether, in view of the fact that this assignment was absolute in form, although a mortgage in fact, plaintiff had a right to redeem as a creditor without first obtaining a judicial determination that he was merely a mortgagee,—a question mooted, but not decided, in Maurin v. Carnes, 71 Minn. 308, 74 N. W. 139. A fuller consideration of the subject has satisfied us that there is nothing in the point.

The statute relating to redemptions expressly gives the right to creditors having an equitable lien, as well as to those having a legal lien, on the premises. There is nothing in the statute requiring creditors having equitable liens to obtain any such adjudication as a prerequisite to the right to redeem, and, without elaborating on the subject, the provisions of the statute relating to the proofs to be furnished of the right to redeem clearly imply that no such adjudication was intended or contemplated. Moreover, such an adjudication would be of little or no value, unless it was one which would be binding on all persons who might be in position to question the party's right to redeem. This could never be obtained with any certainty, for new parties of this character are liable to come into being up to the very last day of the year after the date of sale; and, of course, a judgment only binds the parties to the action and their privies. Our conclusion is that the plaintiff had a right to redeem

as a creditor without any previous adjudication that his interest in the premises was that of a mortgagee. This being so, his offer to redeem was in time.

Order and judgment affirmed.