### PRESSED STEEL CAR CO. v. STEEL CAR FORGE CO.

(Circuit Court of Appeals. Third Circuit. December 31, 1906.)

#### No. 38.

1. TRIAL—VERDICT—FORM.

A verdict that "we the jury in the above case sustain the validity of the contract sued upon, and fix the damages at ten dollars," was fatally defective and insufficient to sustain a judgment.

2. SAME—AMENDMENT.

Such verdict was incapable of amendment after the separation of the jury.

3. JUDGMENT—ENTRY NUNC PRO TUNC—POWER OF CLERK.

Where the clerk neglected to enter judgment pursuant to the direction of the court during the term, he had no power thereafter to enter judgment nunc pro tunc.

4. SAME—ENTRY—OMISSION—COURT RULES.

Circuit Court rule 16, providing that, where judgment shall be omitted to be entered on a verdict, it shall be considered as entered on the last day of the term, is applicable only to a verdict which is sufficient to support a judgment.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Charles Gibbs Carter and James H. Beal, for plaintiff in error.

George B. Gordon, for defendant in error.

Before DALLAS, Circuit Judge, and BRADFORD and LANNING, District Judges.

BRADFORD, District Judge. It appears from the transcript of record that the Steel Car Forge Company, the defendant in error, brought an action of assumpsit in the circuit court of the United States for the Western district of Pennsylvania against the Pressed Steel Car Company, the plaintiff in error, to recover damages for alleged

breach of contract. There was a jury trial, resulting in the following finding, June 15, 1905:

"We the jury in the above case sustain the validity of the contract sued upon and fix the damages at ten dollars."

A motion for a new trial was made by the defendant, June 20, 1905, and was denied as appears from the following record entry:

"And now, to wit, June 30th, 1905, no reasons having been filed in support of the motion for a new trial, the motion is overruled and the clerk is directed to enter judgment.                                                            Per Curiam."

Notwithstanding the direction of the court below, the transcript of record does not disclose that any judgment was entered in the case, and during the hearing in this court the attention of counsel was called to that fact. Since that time both parties through their counsel of record have presented a petition to this court setting forth in substance, among other things, that the clerk of the court below did not enter judgment as he had been directed to do; that judgment customarily is entered in the western district of Pennsylvania after the denial of a motion for a new trial by adding the words "and judgment on the verdict"; that the neglect of the clerk to "enter judgment on the verdict was not known to either of the parties in this case until attention was called thereto by this court during the argument of the case"; that according to the rules and practice of the court below the "verdict in this case has the same force and effect as though judgment had been entered as of the last day of the term"; that the clerk of the court below, when his attention was called to the omission to enter judgment, made a minute upon the court docket as set forth in his certificate attached to the petition; and that it was within the power of the court below "to enter judgment nunc pro tunc, even after the expiration of the term". The certificate of the clerk, entitled in the case, under the seal of the court and dated December 5, 1906, is to the effect that the following is a true and correct copy from the record, namely:

"And now, December 5th, 1906, judgment is hereby entered upon the verdict nunc pro tunc as of November 11th, 1905, being the last day of the term in which the verdict was rendered, in accordance with the opinion of the Court filed on the 30th day of June, 1905, and Rule 16 of this Court, and the stipulation of counsel for plaintiff and defendant duly filed."

Rule 16 of the court below is stated in the petition to be as follows:

"Motions for new trials and in arrest of judgment and to take off a nonsuit must be made within four days after the verdict or entry of nonsuit, and motions for new trials must be made notwithstanding points have been reserved within the time limited above. In all these cases, the reasons reduced to writing, shall be filed of record. Where judgment shall be omitted to be entered upon a verdict it shall be considered as entered upon the last day of the term."

The prayer of the petition is as follows:

"Your petitioners therefore pray this Honorable Court to make an order amending the record in this Court in accordance with the minute made in the court below, as is set forth in the certificate of the clerk attached hereto, and that your Honors will direct a writ of certiorari to bring up the record of the judgment in the court below, or, if necessary, issue a special remit-

titur sending the record down to the court below for amendment, and then a special certiorari bringing it back to this Court, or that this Court should take such other action as may to this Court seem the proper practice, and that your Honorable Court should then proceed to determine and dispose of this case."

The prayer of the petition clearly must be denied. The finding that "we the jury in the above case sustain the validity of the contract sued upon and fix the damages at ten dollars" was fatally defective and after the separation of the jury incapable of amendment. It was an anomaly in an action at law. It could not by any possibility warrant the entry of judgment upon it; for it was a mere nullity. Nor does the petition show that any judgment was entered upon it. It admits that the clerk neglected to enter judgment pursuant to the direction of the court given June 30, 1905. In undertaking "of his own motion" to enter judgment nunc pro tunc December 5, 1906, on the finding of the jury, the clerk transcended his authority, and what purports to be a judgment is without effect and absolutely void. The claim that by virtue of rule 16 "the verdict in this case has the same force and effect as though judgment had been entered as of the last day of the term" does not help the petitioners. Certainly if judgment had been entered on the last day of the term on the "verdict" it would have had nothing to support it. But, further, rule 16 is either self-executing or not. If it be not self-executing admittedly no judgment was entered or to be considered as entered during the term when the jury made its finding. If, on the other hand, the rule be self-executing it can have application only to verdicts capable of supporting judgments. This conclusion necessarily results from the provision that "where judgment shall be omitted to be entered upon a verdict, it shall be considered as entered upon the last day of the term." There is thus no ground on which it would be proper to grant the prayer of the petition; and, as no judgment is disclosed, this court is without authority on this writ of error to consider the merits. The dismissal of the writ of error may not, in view of the fact that in legal contemplation there is neither judgment nor verdict in the court below, necessarily prevent the doing of justice between the parties through a new trial. Of course, we are not to be understood as expressing a definite opinion on this point, as it is properly cognizable by the court below. For the reasons given this writ of error must be dismissed with costs, and it is so ordered.