CHEATHAM ELECTRIC SWITCHING DEVICE CO. v. TRANSIT
DEVELOPMENT CO.

SAME v. NASSAU ELECTRIC R. CO.

(District Court, E. D. New York. February 18, 1913.)

TRIAL (§ 340*)—VERDICT—POWER TO AMEND.

    A court is without power to change the record of a verdict after the discharge of the jury, to show special findings, where it was entered as a general verdict only.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 795–799; Dec. Dig. § 340.*]

At Law. Actions by the Cheatham Electric Switching Device Company against the Transit Development Company and against the Nassau Electric Railroad Company. On motions to amend record. Denied.

See, also, 197 Fed. 563; 203 Fed. 285.

O. Ellery Edwards, Jr., of New York City, for plaintiff.

Kiddle, Wendell & Margeson, of New York City, for defendants.

CHATFIELD, District Judge. The present motion is an attempt to have the clerk's minutes, as to the statement of the jury's verdict, changed in two cases tried at the May, 1911, common-law term of the court, resulting in a verdict for the plaintiff for infringement of eight separate switching devices.

The court had charged the jury that upon the evidence a license or royalty of $68.93 for each device was the limit of recovery, if they found infringing use of any valid claim of either of the two patents sued on, and that their verdict should be for as many times that amount as they might find the number of such devices, provided infringement was found at all (see page 335 of the printed record on appeal). When the jury returned to court, the clerk took the verdict in the usual form, and the foreman of the jury, having stated that the jury had reached a verdict, and having been asked for whom the verdict was found and whether they had assessed the damages, in response made the statement, according to the court's recollection, that they found for the plaintiff on every issue. Thereupon, the question was asked by the court whether the amount was eight times $68.93 or $551.44 in one case, and six times $68.93 or $413.58 in the other. Upon an affirmative response, the clerk again asked the foreman if their verdict was for the amount of $551.44 in the suit against the Transit Development Company, and for $413.58 against the Nassau Electric Railroad Company, and the jury all responded that it was. The court thereupon made the direction that judgment be entered on the verdict against the Transit Development Company for the larger sum, and that, as previously charged, six-eighths of that amount be entered in the second action as the verdict against the Nassau Electric Railroad Company, and made a direction as to the issuance of execution in accordance therewith. Upon the settlement of the case on appeal this matter was raised by an amendment to the case, and it was finally agreed by the attor-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

neys, in the presence of the court, that for the purpose of the appeal the form of the verdict did not affect the rights of the parties. The case was therefore settled by the court upon the assumption that the finding of a verdict for the full amount against both defendants—that is, upon eight devices in one case and six in the other—was sustainable, if the issue (which was alike in each case) was properly found in favor of the plaintiff; that is, if it was based upon a finding of validity and infringement of any of the claims which were left to the jury, with instructions that their verdict could be based upon such a finding.

The defendant has cited herein Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797, Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013, Pressed Steel Car Co. v. Steel Car Forge Co., 149 Fed. 182, 79 C. C. A. 130, and Chandler v. Andrews, 192 Fed. 543, 113 C. C. A. 15, as authority for the proposition that, after the discharge of the jury, a mistake in a verdict cannot be corrected nor the verdict changed, and that, after the end of the term, the court has no further power over the case. The plaintiffs have cited authorities to show that a mistake in the record—that is, a clerical mistake—can always be corrected, and the present motion, in so far as it has to do only with an alleged mistake in the entry by the clerk in his minutes, subsequent to the taking of the verdict in the courtroom, and the statement thereof taken down by the stenographer, after the clerk had finished questioning the jury, might be corrected so as to conform to the truth. But the court does not feel that the present motion is one of that sort. If it had been requested by the plaintiff, upon the trial, that the jury be instructed to render a finding specifically upon each claim of the various patents, in addition to the rendering of a general verdict, it might now serve the purposes of one party or the other to refer to those findings. But the court was not attempting to anticipate the possibilities of further litigation and was having the issue of the case on trial disposed of by the jury. The plaintiff had seen fit to submit this case to a jury, and if it obtained a verdict upon any claim of the various patents, and that claim was sufficient to support the verdict, then the result of the action would be to give the plaintiff a complete judgment upon the cause of action alleged.

For the court to now recall the jury and to procure the rendering of special verdicts by having the minutes corrected in such a way as to make it appear that the jury made special findings would be beyond the power of the court at the present time. Assuming that the foreman stated that the jury found for the plaintiff upon every issue, it is evident that there was one issue between the plaintiff and the Transit Development Company, and a separate issue between the plaintiff and the Nassau Electric Railroad Company. As charged by the court, the issue was separable with respect to the use of each of the eight devices involved, and could be determined by a finding for the plaintiff upon any one of the separate "issues" raised as to the several claims. But in the way in which the jury was charged the issues left to them were not equivalent to a definite direction to return a verdict specifying such findings, and hence are not to be treated in that way.

If the plaintiff obtains any benefit from the determination of the

jury in an action at law by a general verdict on charges of infringement relating to several claims of the patents, then the plaintiff in this case is entitled to the benefit of such general verdict. But when the court did not leave to the jury a determination as to any issue except the one of infringement, as based upon any valid claim, then even the statement that every issue was found for the plaintiff carried with it nothing showing a mistake in the clerk's minutes, when entered in the record as a finding for the plaintiff for the full amount.

The motion to correct the clerk's minutes is therefore beyond the court's power, is also unnecessary, and will be denied.