FRYER v. LAMBERT.

Opinion delivered November 30, 1925.

1. COURTS—CONTROL OVER RECORDS.—Courts have a continuing power over their records, not affected by the lapse of time, and may restore lost records, and correct records which were so made up as to express a judgment different from the one pronounced by the court.

2. COURTS—POWER OF CLERK TO CORRECT RECORD.—The power of a court to correct its records must be exercised by the court, and the clerk has no authority on his own responsibility and without an order of the court to amend, change or correct the judgment record, since the court cannot delegate its judicial functions to its clerk.

3. COURTS—POWER OF CLERK TO AMEND RECORD.—Where a clerk corrects a mere clerical error in a record, he will be presumed to act under the directions of the court.

4. COURTS—CORRECTION OF DECREE BY CLERK.—Where a complaint in a mortgage foreclosure suit erroneously described the land except in the prayer, and the default decree, advertisement of sale, report of commissioner's deed and approval thereof each contained

the same error, the clerk had no authority to make correction thereof, and the purported corrected decree was properly set aside.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

STATEMENT BY THE COURT.

J. W. Fryer prosecutes this appeal to reverse a decree of the chancery court opening and setting aside a foreclosure decree on real estate in a case wherein J. W. Fryer is the plaintiff and Loranzy and Belle Lambert are the defendants.

The record shows that J. W. Fryer brought a suit against Loranzy Lambert and Belle Lambert in the Conway Chancery Court to foreclose a mortgage on 80 acres of land called the Cadron place, and on 40 acres of land known as the Green place. There is no dispute between the parties but that the 80-acre tract was properly described in the complaint, the decree, and in the report of sale, and all the subsequent proceedings. The 40 acre tract is described in the original mortgage as the SW¼ of the SE¼ of section 30 in township 6, north of range 15 west, and all the land is embraced in the mortgage described as situated in Conway County, Ark. In the body of the complaint in the foreclosure suit, the 40 acre tract is twice described as being in section 32. In the prayer of the complaint it is described as being in section 30.

A copy of the mortgage was exhibited with the complaint. The precedent for the original decree and the decree itself shows that the 40-acre tract was described as being in section 32. The same mistake was carried into the advertisement of the sale of the land by the commissioner, in the report of sale by the commissioner, and in the execution and approval of the deed from the commissioner to J. W. Fryer as the purchaser at the sale. There was a default decree in the foreclosure suit, which was entered of record on a regular day of an adjourned term of the Conway Chancery Court held in May, 1921.

Subsequently the clerk of the chancery court discovered that the record of the proceedings in the foreclosure suit showed the 40 acres of land in question to be described as in section 32 instead of section 30, and he corrected the decree of the court so as to make it section 30, instead of section 32, to correspond with the description of the land in the mortgage as it appeared of record. The clerk also corrected the report of sale and the deed made by him as commissioner under the sale. He also corrected the order of the court approving the sale so as to make it read as if the land was in section 30, instead of section 32. These corrections were made after the term at which the proceedings were had had expired, and without any permission from the court to make the alterations.

Upon proof of these facts, the chancellor opened the foreclosure decree and set it aside, together with all the subsequent orders and proceedings in the case.

It was further ordered and decreed that Loranzy Lambert and Belle Lambert should be granted a new trial, and be permitted to interpose their defense to the mortgage foreclosure suit on said land brought against them by J. W. Fryer. As above stated, the case is here on appeal.

*Edward Gordon,* for appellant.

*Strait & Strait,* for appellee.

HART, J., (after stating the facts). The decision of the chancery court opening and setting aside the decree, and the subsequent proceedings in the mortgage foreclosure suit as to the 40 acres of land in question, was correct. Courts have a continuing power over their records not affected by the lapse of time. Should the record in any case be lost or destroyed, the court whose record it was, possesses the undoubted power, at any time afterwards, to make a new record. There is no reason why the same rule should not apply when, instead of being lost, the record was never made up, or was so made up

as to express a different judgment than the one pronounced by the court. *Bobo* v. *State,* 40 Ark. 224.

In discussing this subject in the case of *Hollister and Smith* v. *Judges of the District Court of Lucas County,* 8 Ohio St. 201, the court said:

"Every court of record has a supervisory and protecting charge over its records and the papers belonging to its files; and it may at any time direct the correction of clerical errors, or the substitution of papers in case the originals are purloined or lost; and, in the exercise of the same authority, in case the records or files should be fraudulent or otherwise improperly altered or defaced, may direct their correction and restoration to their original condition. And, in making such corrections, the clerk is under the control and authority of the court."

But such power must be exercised by the court, and the clerk of the court has no authority on his own responsibility and without an order or direction of the court to amend, change, or correct the judgment record. 34 C. J. pp. 71 and 221 and cases cited. The reason is that a court cannot delegate its judicial functions to its clerk, so that he may alter or correct a judgment record, except in a purely clerical way.

This is not a case like that of *Kennedy* v. *Knight,* 21 Wis. 340, 94 Am. Dec. 543, where there was a clerical error in the judgment foreclosure describing one tract of land mortgaged as in range 4 east, whereas it should have been range 5 east. The court said that the false description would probably not vitiate a deed given of this tract, as the county, section, and township were correctly given, and that the error was purely clerical. In such case the clerk in correcting the clerical error is presumed to act under the directions of the court.

In the present case, the error was not merely clerical, but was substantial. There was no land in section 32 owned or claimed to be owned by the defendants in the foreclosure suit, and they were advised by their at-

torneys that they need not make any defense to the action. The decree of the court described the land as being in section 32, and it was a mere nullity, in so far as it affected the land in section 30. The clerk transcended his authority in changing the decree from a decree of foreclosure of 40 acres of land in section 32 to that of 40 acres in section 30, and what purports to be the corrected decree is without effect and absolutely void. *Pressed Steel Car Co.* v. *Steel Car Forge Co.,* (3 Cir. Ct. of Appls.), 149 Fed. 182, and *Rockwood* v. *Davenport,* 37 Minn. 533, 5 Am. St. Rep. 872.

Counsel for the plaintiff in the foreclosure suit claims that the 40 acres of land in controversy are correctly described in the mortgage as being in section 30. Conceding this to be true, the plaintiff in the foreclosure suit could not avail himself of a foreclosure decree of a different 40 acres of land. If the action of the clerk in altering the decree is a mere nullity, the case stands as if no foreclosure decree had been rendered with respect to the 40 acres in controversy.

The action of the clerk, however, in changing the decree puts an apparent cloud upon the title of the defendants, and the court properly, after hearing the proof on the question, directed that the decree as altered by the clerk should be set aside, and, inasmuch as there was no proper foreclosure decree with respect to the 40 acres in controversy, gave leave to the parties to proceed as if no such decree had ever been rendered or entered of record.

It follows that the decree must be affirmed.